No. ——

First Circuit

———

COCO v. MOSS COMPANY

———

(May 4, 1926, Opinion and Decree)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Estoppel—Par. 40, 41.**

A plea of estoppel is not good against a claim because the plaintiffs accepted a check for part payment on which was printed in red ink "for balance due".

2. **Louisiana Digest—Transaction or Compromise—Par. 1, 3.**

A check used in part payment of an account on which was printed "for balance due" is not a transaction or a compromise under Article 3071 of the Civil Code.

Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

Action by J. M. and L. W. Coco against Wilhelm Moss Company, Inc. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

W. E. Couvillon, of ·Marksville, and Dubuisson, Perrault & Burleigh, attorneys for plaintiff, appellee.

D. L. Guilbeau, of Opelousas, attorney for defendant, appellant.

LECHE, J.    Defendant at various times, during a period covering several months, bought from plaintiffs, in carload lots, about ten in number, moss for which it settled by drafts drawn by its agent in Louisiana on itself at its office in Gowanda, New York. All the drafts were paid promptly and in due course, except one for the last carload lot, and the present suit is to recover the amount of the invoice represented by that draft.

The amount of plaintiffs' claim is based upon 140 bales of moss, weighing 22,604 pounds at an agreed price of 9½ cents per pound, and is stated to be $2147.38, less a discount of 2%, or $42.94 if paid cash. The draft, was therefore drawn for $2104.44 and as cash payment was not made, the claim in suit is for $2147.38.

Immediately after the suit was filed, and apparently before service was made, defendant remitted by mail its check to plaintiffs, for $1122.33 and accompanying the check was a memorandum of claims by defendant against plaintiffs, for discount, shortage of weights and other items amounting to $1025.05. Plaintiffs endorsed the check as being accepted on account, or as a partial payment, and at once wrote to defendant, and denied any indebtedness on their part.

Upon receipt of the proceeds of the check, plaintiffs entered a remititur, thereby re-

ducing their claim against defendant to the sum of one thousand and twenty-five ($1025.05) dollars and five cents, for which amount they recovered judgment in the district court. The present appeal was taken by defendant.

There can then, be no question of jurisdiction raised in this court as the matter in contest is restricted to $1025.05.

The main defense on appeal is a plea of estoppel. Defendant contends that because its check to plaintiffs was accompanied by a statement on which was printed in red ink, that the check was remitted to cover the balance due, as per that statement, that it was therefore in full settlement, and that as plaintiffs accepted and collected the check, they are estopped from making further claim against defendant, and are bound by the settlement.

In support of this plea, defendant cites several decisions from other states, most of which are not presently accessible to the writer of this opinion. It appears to us that this defense is similar to the Common Law plea of "Accord and Satisfaction" under which heading in most of the "Common Law" digests, numerous decisions are collated. These decisions are by no means in harmony with one another, but there is one principle upon which the authors of these digests all agree, as being necessary to constitute an Accord and Satisfaction and it is that there must be some consideration, even if inadequate, for the validity of the contract. R. C. L., vol. 1, p. 183 Cyc. vol. 1, p. 311. The fact that upon part payment of a liquidated claim a written receipt in full is given by the creditor does not, according to the great weight of authority, take the case out of the rule. We fail to see any consideration given by the defendant in this case. It paid what it acknowledged to owe to plaintiffs and after remitting to plaintiffs its check

for $1122.33, it was in no worse position than it had been before such payment. It had yielded nothing and had given nothing to induce plaintiffs to abandon the rest of their claim of $1025.05. We may here also note that for the same reason there can be no estoppel against plaintiffs, as they did not by accepting the check and collecting it, induce defendant to part with anything of value or any right which it may not still exercise. Nor does the acceptance of the check and its collection, constitute a Transaction or Compromise under La. C. C., Art. 3071, for there was no agreement or adjustment of difference between the parties.

Defendant cites one decision of the Supreme Court of Louisiana in support of its plea, the case of King vs. New Orleans, 14 La. Ann. 389. Of course this court is bound by that decision and has no right to question its correctness but even that decision does not cover the present case, for here the check was expressly accepted as part payment while in the cited case, there was no protest made nor objection offered by the plaintiff, when he received a warrant for his salary and the court held that he had been paid in full.

Defendant as before stated, seems to rely, in this court, mainly on its plea of estoppel, and although it has not abandoned its other defense, we hold that the testimony fails in our opinion to support its counterclaims. There was no complaint on the part of defendant as to the manner in which plaintiffs had carried out their contract, until the month of May, 1925, although it had received and accepted many shipments previous to that date. Plaintiff testifies positively as to the quality of the moss, and the prices agreed upon between themselves and defendant, through its accredited agent, as well as to the weights. We believe the evidence largely preponder-

ates in favor of plaintiffs and we also concur with the trial judge in his finding of facts.

Being then of the opinion that defendant's plea of estoppel is not supported by law, and believing further that defendant has failed to sustain its counter-claims or set off by adequate proof, the judgment appealed from should be affirmed and

It is so ordered.