**No. 3543**

**Second Circuit**

---

**JOHN BONURA & CO., INC., v. RAYVILLE FRUIT CO. ET AL.**

---

(May 8, 1929. Opinion and Decree.)

---

Hodge & Barnett, of Rayville, attorneys for plaintiff, appellee.

Warren Hunt, of Rayville, attorney for defendants, appellants.

REYNOLDS, J.  Plaintiff, John Bonura & Co., Inc., sues to recover judgment against defendants, Rayville Fruit Company, a partnership composed of Nick Volchoff, Steve Volchoff and Z. Stainoff, and the partners individually, for $151.54, with legal interest thereon from judicial demand, a balance alleged to be owing and due on open account for merchandise, consisting of fruits and vegetables, sold and delivered by plaintiff to defendants and shipped from New Orleans, La., to Rayville, La.

The defense is that defendants had paid plaintiff for all merchandise purchased, less the following deductions made by them from plaintiff's bill for the following reasons, namely, $110, as the price of 50 crates of grapes, spoiled when received; $25.14, price of 525 pounds of onions, rotten when received; $6, price of 2 crates of tomatoes, decayed when received; $17.90, price of 895 pounds of rutabagas, rotten when received; $5, overcharge on price of grapes; and $55, overcharge on price of oranges.

On these issues the case was tried, and there was judgment in favor of the plaintiff and against the defendants for the full amount sued for, and the defendants appealed.

## OPINION

The deductions of $159.04 made by defendants from plaintiff's bill for decayed fruits and vegetables cannot be allowed, for the reason that the merchandise was sold f. o. b. New Orleans, and defendants offered no evidence tending to show that the goods were not in good condition when delivered there.

The evidence shows that the merchandise was delivered in New Orleans to an agent of defendants there and it does not show that it was not in sound condition then. On the contrary, plaintiff's evidence shows that the fruits and vegetables were in sound condition when delivered there, and this evidence finds corroboration in the fact that defendants' agent there received them without protest or complaint as to their condition.

Defendants contend that the fact that the fruits and vegetables were rotten when received at Rayville is evidence that they were not in good condition when delivered in New Orleans; but there is no evidence as to how long the car in which they were transported stood on the track in New Orleans after they were placed therein before the car began its journey to Rayville nor as to the condition of the car as to being properly iced during the journey. There is some evidence as to the general custom in respect to loading and icing cars in which fruits or vegetables are loaded, but in our opinion it is insufficient to prove that the cars in which the fruits and vegetables in question were transported were properly loaded or iced.

The defense set up was a special one, and the burden was on defendants to prove that the fruits and vegetables were not in good condition when delivered to them or their agent in New Orleans (Lyons Milling Co. v. Cusimano, 4 La. App. 131), and this they failed to do.

The evidence shows that, as claimed by defendants, plaintiff overcharged them $60 on 55 boxes of oranges and 10 boxes of grapes; $1 per box on the oranges, and

50 cents a box on the grapes; but the evidence also shows the plaintiff allowed defendants credit on the account for $55 overcharge on the oranges, but it does not show that plaintiff allowed them credit for the overcharge on the grapes, and therefore defendants are entitled to credit on the account sued on for an additional sum of $5.

It is contended by defendants in answer that, because plaintiff received from them and retained and collected checks sent plaintiff by defendants in payment of its bill, on which checks were noted by defendants the credits claimed and deducted by them from plaintiff's bill, plaintiff estopped itself to deny that defendants were entitled to such credits and to sue for the amounts so deducted.

However, neither in brief nor argument before this court was this contention pressed, and we therefore assume it was abandoned.

However, we do not think the plea was well founded. Coco v. Moss Co., 4 La. App. 645.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to reduce its amount from $151.54 to $146.54, with legal interest thereon from judicial demand, and that, as amended, the judgment appealed from be affirmed. Plaintiff-appellee to pay the cost of appeal. Defendants-appellants to pay all other costs.