OVERTON, J.
 

 L'1] This is a suit for $5,354.12, paid to defendant, as plaintiff’s attorney, by Emile Pomes, notary public, in a partition of the effects of the succession of plaintiff’s mother, Anna G. Czarnowski, widow of Peter St. Amand. The validity of the payment, made by the notary to defendant, was recognized by this court in the Succession of Czarnowski, 158 La. 1093, 105 So. 76.
 

 On the day that defendant received the foregoing amount from the notary, he made out an itemized statement of the amount which he considered due the firm, of which he was a member, for legal services rendered in matters involving considerable property, and for costs expended on plaintiff’s behalf, showing a balance due plaintiff of $1,107.62. and mailed the statement to him with his cheek for the amount of this balance, and accompanied this remittance with a letter1 stating that the check was for the balance due plaintiff, appearing on the statement inclosed. Plaintiff alleged that he never accepted this check, nor approved of the settlement offered, and prayed for a trial by jury, which was granted.
 

 Defendant answered the suit, averring that the amount remitted was the correct balance due, and pleading that, as defendant caused the check to be certified by the bank on which it was drawn, he thereby accepted it, and that, as the check was sent him with the declaration that it was in settlement of the balance due, he thereby accepted it in full settlement of that balance.
 

 
 *40
 
 The uncontradicted evidence shows that, notwithstanding plaintiff’s protests, he retained the cheek for three years, then caused it to be certified by the bank; and then kept it for some time, when, still retaining it, he brought the present suit. .
 

 The plea of estoppel was sustained by the trial'judge, the suit dismissed, and the jury discharged.
 

 Under section 187 of the Negotiable Instruments Law (Act 64 of 1904), “Where a check is certified by the bank on which it is drawn, the certificate is equivalent to an acceptance,” and under section 188 thereof ‘.‘Where the holder of a check procures it to be accepted or certified the drawer and all indorsers are discharged from liability thereon.” Therefore, the situation is the same as between plaintiff and defendant, as if the cheek had been presented for payment and had been paid.
 

 The plea of estoppel, in our view, is well founded. The claim was a disputed one. If plaintiff was not satisfied with the settlement tendered, he should not have retained the check, and caused it to be certified by the bank upon which it was drawn, but should have returned it, in the absence of a waiver of the condition attached to the remittance. By retaining the check, and causing it to be certified, he is now precluded from rejecting it, and suing defendant upon the entire claim. Bassick Gold Mine Co. v. Beardsley, 49 Colo. 275, 112 P. 770, 33 L. R. A. (N. S.) 852 ; Seeds Grain & Hay Co. v. Conger, 83 Ohio, 169, 93 N. E. 892, 32 L. R. A. (N. S.) 380 ; Scheffenacker v. Hoopes, 113 Md. 111, 77 A. 130, 29 L. R. A. (N. S.) 205 ; Drewry-Hughes Co. v. Davis, 151 N. C. 295, 66 S. E. 139 ; St. Regis Paper Co. v. Tonawanda Board & Paper Co., 186 N. Y. 563, 79 N. E. 1115.
 

 The trial judge, although sitting with a jury, when the plea of estoppel was heard, withdrew the case from the jury, and sustained the plea. Complaint is made of his action in so doing. Perhaps it might have been more regular, under the law of this state, for the judge to have proceeded with the trial of the whole case, and let the jury, under proper instructions as to the law, dispose of the plea, as well as the rest of the case, by their verdict. But be that as it may, there was no dispute as to any fact material to the plea, and therefore all that there was to decide in passing on the plea was a question of law. “Not every error will furnish sufficient ground for setting aside a judgment and requiring a case to be tried over again. There must be prejudice to the appellant, and the prejudice must be such as cannot be remedied on the appeal, but only by another trial.” New Orleans Terminal Co. v. Teller, 113 La. 733, 37 So. 624, 625, 2 Ann. Cas. 127. Had the judge erred in deciding the plea, this court would have been in full position to have corrected the error, and to have granted full relief. If the plea involved disputed facts, this court would likely reverse the judgment and remand the case. As it is, defendant has suffered no possible injury by the action of the judge.
 

 Pending, the appeal, Berger died. His widow, who is his sole heir and legatee, has been made party plaintiff in his stead.
 

 For these reasons, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent