**DAVIS–WOOD LUMBER CO., Inc., v. FARNSWORTH & CO., Inc., et al.**

**No. 16449.**

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

Robert B. Todd, of New Orleans, for appellant.

Alfred D. Danziger and Albert B. Koorie, both of New Orleans, for appellees.

McCALEB, Judge.

The defendant, R. P. Farnsworth & Co., Inc., is a general contractor doing business in the city of New Orleans. On March 4, 1932, it entered into a written contract with the Continental Can Company whereby it agreed to erect a factory building for said Continental Can Company at Harvey, La. Later, on March 28, 1932, it engaged the plaintiff, Davis-Wood Lumber Company, under two subcontracts whereby the plaintiff agreed to furnish it with 1,996 pieces of pile "to be sound, straight, uniformly tepered, yellow pine with bark removed and free from imperfection * * *" for a consideration of 14 cents per lineal foot. The subcontracts contain many conditions, and among them it appears that "sub-contractor agrees that should they fail to furnish piles as hereinbefore stated and contractor be compelled at any time to stop driving and thereby delay progress of work, then contractor shall have the right to deduct from any monies due sub-contractor the sum of $50.00 per day as liquidated damage for each day's delay."

After the execution of the subcontracts, the plaintiff delivered 1,953 pieces of piling, and, prior to the dispute over which this cause of action arises, the defendant paid the plaintiff on account of the deliveries so made the sum of $7,845.19. During the month of April, 1932, the plaintiff mailed to the defendant its statement for the balance due on piles delivered under the contract amounting to $2,885.15. The defendant disputed the amount of the balance due,

claiming that the plaintiff had breached the terms and conditions of the contracts by not delivering the piles in time and asserted that it had sustained liquidated damages in the sum of $1,212.50. It further contended that the sum of $375.57 was due it by the plaintiff for back charges which, together with the claim for liquidated damages, amounted to a total sum of $1,588.07.

Conferences were had, between representatives of the plaintiff and defendant corporations, to no avail, and on August 15, 1932, the defendant sent to the plaintiff its cash voucher for the sum of $1,297.08, payable to plaintiff, drawn on the Whitney Trust & Savings Bank of New Orleans. The reverse side of the cash voucher contains the following notation:

```
"Balance due according to
    statement ................ $2885.15
Less  damages  &  back
    charges ................. $1588.07
                             ─────────
                      Credit—$1297.08"
```

It further appears on the said cash voucher, at the top of· the space used for indorsement, the printed words "endorsed and accepted in full payment of within account."

The foregoing check of the defendant corporation was received by the plaintiff in the usual course of business and the plaintiff deposited the same to its account and stamped on the space of the check used for endorsements, the words "for deposit— Davis-Wood Lumber Co., Inc."

After depositing this check to its account, the plaintiff, some time during the month of October, 1932, filed a lien against the factory building at Harvey, La., for the sum of $1,588.07 and then brought this suit on October 23, 1933, to recover that amount from the defendant company.

The defendant answered the petition and contended, among other things and as a special defense in bar of the suit, that it had paid the balance due under the contracts by its check on August 15, 1932, for $1,297.08 which was indorsed and accepted by plaintiff in full settlement' of the account between the parties, and that therefore the plaintiff is now estopped from asserting this claim.

By agreement, the plea of estoppel was tried specially and evidence was heard with respect thereto. The district judge, being of the opinion that the acceptance of the check by the plaintiff constituted a full accord and satisfaction of the indebtedness and that plaintiff was estopped from claiming any further balance under the contracts, maintained the plea and dismissed the suit. Wherefore this appeal.

The defendant argues here that the cashing of·the check by the plaintiff constituted an estoppel under the authority of Meyers v. Acme Homestead Ass'n, 18 La.App. 697, 138 So. 443, 447.

On the other hand, the plaintiff claims that the facts of the case at bar are different from those of the Meyers Case and that no estoppel has taken place. It further maintains that the acceptance of the check of the defendant cannot be regarded as a compromise under the provisions of article 3071 of the Civil Code, inasmuch as the defendant paid only what it admitted to owe to the plaintiff, and as to which there was no dispute, and that the only amount which was in dispute between the parties was the sum of $1,588.07 (the subject of this suit).

Article 3071 of the Civil Code provides:

"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

"This contract must be reduced into writing."

The foregoing article demonstrates that there must be some consideration in order for a valid transaction or compromise to subsist, and it is contended that no consideration passed to the plaintiff when it received an amount from the defendant which was admittedly due and payable under the contracts and over which no dispute existed. In other words, it is urged that the only amount in dispute between the parties is the subject of this suit and that the plaintiff has never received any payment which had the effect of adjusting or compromising its right to claim that amount in these proceedings. The language of article 3071 of the Code seems to sustain the argument. But, while the effect of the acceptance of the check may not be considered as a compromise as defined by the Code, we find that the courts of the state have held, in cases similar to this, that the plaintiff may, under certain circumstances, estop himself from making a claim for an alleged balance due when he has accepted a payment from the defendant which is made òn the condition that it will operate as a full settlement of the account.

In our case of Meyers v. Acme Homestead Ass'n, supra, we observed that it is sometimes difficult to ascertain what is the consideration given in cases such as this in order for the transaction to be binding within the meaning of the codal article, but that the question had been settled by the Supreme Court in Berger v. Quintero, 170 La. 37, 127 So. 356, 357, wherein a plea of estoppel was maintained and the rules of the common law respecting accord and satisfaction were applied.

Since the Supreme Court has held that a plaintiff may estop himself from proceeding further, where he has accepted a check for less than the amount claimed which bears the notation that it is tendered in full settlement, the question then arises whether there has been created such an estoppel on the part of the plaintiff in the instant case which now prevents it from maintaining this suit.

We find that the rules in regard to the application of the doctrine of accord and satisfaction are ably set forth in Corpus Juris Secundum, vol. 1, p. 460 through 570. In order for that plea to be maintained, there must be: (1) An unliquidated or a disputed claim; (2) a tender by the debtor; (3) an acceptance of the tender by the creditor.

With reference as to whether the claim in the case at bar was an unliquidated or a disputed one, Corpus Juris Secundum, vol. 1, p. 518, Verbum Accord and Satisfaction, informs: "A question as to the construction of a contract, or the basis of a settlement, affecting the amount due from one party to the other, renders the claim unliquidated or disputed within the rules relating to part payment as accord and satisfaction." Here the plaintiff claimed a balance due of $2,885.15 for piles sold and delivered under the two contracts. The defendant disputed the amount because under its construction of the contracts, it contended that the plaintiff was liable to it for a sum claimed as liquidated damages together with another sum claimed for back charges, amounting in all to $1,588.07. The plaintiff, on the other hand, denied the construction placed upon the wording of the contracts by the defendant. There was, therefore, an honest and genuine dispute existing between the parties as to the amount which was due by the defendant to the plaintiff under the terms and conditions of the contracts. Under these circumstances, we hold that the plaintiff's claim against the defendant was unliquidated and disputed.

In Meyers v. Acme Homestead Ass'n, supra, the plaintiff was a stockholder in the defendant homestead. He had applied for a withdrawal of his stock. The charter of the homestead provided that, in cases where shareholders gave notice to the association of their desire to withdraw their stock, such shareholders would not be entitled to receive dividends during the time when their withdrawal notices were pending. Some time after the plaintiff had given his withdrawal notice, the homestead mailed him a check for the amount of his stock, exclusive of dividends, to which plaintiff claimed he was entitled. The check tendered by the homestead bore the notation that it was given in full settlement of the account between the parties. The plaintiff cashed the check after he had written thereon the words "all rights reserved." Later, he brought suit against the homestead and the action was defended on the ground that the plaintiff was estopped from proceeding inasmuch as he had cashed the check tendered in full satisfaction of any claims which he might have had. This court, in maintaining the plea of estoppel, said:

"It seems, then, that no matter how well established and no matter how irrevocably admitted the smaller sum may be, if, growing out of the same or a clearly related transaction, there is a real dispute as to whether a larger sum is due, the debtor may, in paying the admitted sum, demand a full release from any other claim growing out of the same or a clearly related transaction, and that, if such release is given, it constitutes accord and satisfaction. Here we find that there was only one account between the parties. This account had been running for a very long time, and the dispute was really one over the question of the correctness of the account.

"Following the majority rule and the rule laid down by our Supreme Court, and also followed by this court, we find that there was a full accord and satisfaction, and that the consideration therefor was the satisfaction which came from the putting an end to litigation and from the termination of the dispute."

It will be observed that in the Meyers Case, supra, the claim of the plaintiff was liquidated, that is to say, that he was entitled to the par value of his homestead stock which the homestead readily admitted was due him, but a dispute arose between

the parties as to whether or not he was also entitled to the accumulated dividends which the stock earned while the notice of withdrawal was pending. The plea of accord and satisfaction was maintained on the theory recognized by the common-law authorities, that where a dispute exists between the parties as to which of two specific sums is due from one to the other, payment of less than the amount claimed brings the case within the rule. See Corpus Juris Secundum, vol. 1, p, 520; Hanley Co. v. American Cement Co., 108 Conn. 469, 143 A. 566; Ryan v. Progressive Retailer Pub. Co., 16 Ga.App. 83, 84 S.E. 834; Schultz v. Farmers' Elevator Co., 174 Iowa, 667, 156 N.W. 716; Addison Miller, Inc., v. American Cent. Ins. Co., 189 Minn. 336, 249 N.W. 795; Woodbery v. N. Y. Life Ins. Co., 223 App.Div. 272, 227 N.Y.S. 699.

In Berger v. Quintero, supra, the dispute arose between an attorney and his client. The attorney had received a certain sum belonging to the client as a result of litigation. He deposited this sum in his own account and later mailed to the client his check for a sum representing the difference between the amount received by him and his claim against the client for services rendered. The Supreme Court held that when the client accepted the check of the attorney and had it certified that this constituted full accord and satisfaction of the debts existing between the parties. The court said, in part: "The plea of estoppel, in our view, is well founded. The claim was a disputed one. If plaintiff was not satisfied with the settlement tendered, he should not have retained the check, and caused it to be certified by the bank upon which it was drawn, but should have returned it, in the absence of a waiver of the condition attached to the remittance. By retaining the check, and causing it to be certified, he is now precluded from rejecting it, and suing defendant upon the entire claim."

The money coming into the attorney's hands in the Berger Case was received by him in a fiduciary capacity. There can be no question that it was the attorney's duty, under these circumstances, to remit the entire amount to his client, as compensation could not take place inasmuch as the claim of the attorney against the client for services rendered was not a liquidated demand. But there the attorney, in violation of the mandate, nevertheless deducted from the payment made to the client a sum of money which he claimed to be due by the client to him as attorney's fees. In maintaining the plea of estoppel, the court followed the rule laid down by the common-law courts and which is stated in Corpus Juris Secundum, vol. 1, p. 520, thusly: "Even though a debt is certain and undisputed, the existence of a dispute as to the debtor's right to a set-off, discount or reduction is held in most jurisdictions to bring the case within the rule permitting accord and satisfaction by payment of less than the amount claimed, at least where the set-off arises out of the same transaction as the creditors claim; but there is also authority to the contrary."

The plaintiff contends that there can be no estoppel in the case at bar because the notation on the check tendered by the defendant was only a printed one, obviously used by the defendant in all of its business transactions, and that the explanation and computation on the back of the check showing deduction for damages and back charges was not at all inconsistent with an understanding that the check only purported to settle the amount admitted to be due, leaving these items for further consideration. We see no merit in this contention, inasmuch as the cash voucher tendered by the defendant leaves no room for doubt that defendant was deducting the liquidated damages and back charges from the balance it owed to the plaintiff under the contracts. Moreover, the point made that the notation on the check "endorsed and accepted in full payment of within account" was printed instead of being in the handwriting of one of the defendant's officials is manifestly unsound, inasmuch as the notation is a part of the instrument and sets forth in unmistakable language the condition under which the payment was made.

Plaintiff further claims that it is not estopped because it did not even know that the check bore such a printed notation or that it was in any way different from any of the previous checks received on the account. On this point, it relies upon the testimony of Mr. W. M. Wood and Mr. Robert Wood. The evidence of these witnesses shows that Mr. Robert Wood is the vice president of the plaintiff corporation, while Mr. W. M. Wood is the general office manager. The check was received by Mr. W. M. Wood and deposited to the account of the plaintiff. There is no reason suggested why the corporation should not be bound by his act in depositing the check. A corporation can only act through its agents, and Mr. W. M. Wood, the office manager, was vested with au-

thority to deposit the check to plaintiff's account. Furthermore, the evidence shows that he was familiar with the transactions between the plaintiff and the defendant, and there is nothing contained in the record which would lead us to believe that he was unable to comprehend the nature of the tender.

Both Mr. W. M. Wood and Mr. Robert Wood testified that they were unaware, until the date of trial, that the check bore the notation that it was tendered in full settlement of the account. But the fact that they did not read the notation on the back of the check is to no avail in this case. In Michigan Leather Co. v. Foyer, 104 Ill.App. 268, it is said: "The fact, if it be a fact, that he read the letter hurriedly and did not notice that the check was sent in full of the account, is immaterial. His rights and obligations remain the same. He could read, and he will not be heard to say that he neglected to learn the entire contents of that letter. The law charges him with knowledge of all the letter contained."

Plaintiff persists that we should not sustain the plea of estoppel because the evidence shows that it at all times maintained, both prior to the receipt of the check and thereafter, that the defendant still owed it the amount sued for. But, under our decision in the Meyers Case, this fact would be immaterial. The effect of the acceptance of the check in the instant case could only be set aside because of error or fraud, and a careful review of the evidence has convinced us that the plaintiff received the payment with its eyes open and it cannot now be heard to say that its action in so doing did not have the legal effect of settling for all times the dispute between the parties.

Counsel for plaintiff has directed our attention to the case of Coco v. Moss Co., 4 La.App. 645 which he claims is analogous to the case at bar and in which case our brethren of the First Circuit refused to maintain a plea of estoppel. There, the defendants had bought from the plaintiffs certain moss in carload lots. The last shipment of 140 bales of moss was based upon an agreed price of $2,147.38. The plaintiffs filed suit for this amount and shortly thereafter, and apparently before service of the petition was made, the defendant remitted by mail its check to the plaintiffs for $1,122.33 and accompanying the check was a memorandum of claims by defendant against plaintiffs for discount, shortage of weights, and other items amounting to $1,025.05. The plaintiffs in-

dorsed the check as being accepted on account or as a partial payment, and at once wrote the defendant and denied any indebtedness on their part. The court held that the plaintiffs were not estopped by receiving the check as a partial payment because there was never any prior dispute between the parties as to the amount which was due under the contract.

It is obvious, from the authorities from which we have quoted, that accord and satisfaction can never be successfully pleaded unless there is a disputed claim, and inasmuch as there was no dispute in the Coco Case prior to the filing of suit, the plea of estoppel was not well founded. It is true that there is language used by the court in that case which seems to sustain the position contended for here by the plaintiff, and were it not for the fact that the case is distinguishable from the case at bar on the ground that there the essential elements to the maintenance of a plea of accord and satisfaction were not present, we would be compelled to refuse to follow the decision as being contrary to the decision of Berger v. Quintero, supra.

Plaintiff also relies upon the case of Melancon v. Provident Life & Accident Ins. Co., 176 La. 1055, 147 So. 346, but that case is not in point because there it appeared that the plaintiff was an illiterate man and did not understand that the acceptance of the check by him constituted a full settlement and discharge of the obligation of the defendant.

The case of Young v. Glynn, 171 La. 371, 131 So. 51, cited by the plaintiff, merely holds that a compromise cannot be attacked on the ground of lesion and is without application here as well as the case of Hibernia Bank & Trust Co. v. J. I. Heineman Co. et. al., 2 La.App. 63 which holds that a compromise is not valid unless it is in writing.

It is apparent to us that there are present in this case the three concurring elements necessary for the invocation of the doctrine of accord and satisfaction. First, there was a disputed claim between the parties to the contracts; second, a tender was made in full settlement of the claim; and, third, the tender was accepted by the plaintiff. Under these circumstances, we are bound, under the jurisprudence of this state, to sustain the plea of estoppel.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.