McBRIDE, Judge.
In this case, which is before us on the appeal of plaintiff, our brother below handed down reasons for judgment which clearly and concisely set. forth a statement of the case and his conclusions for dismissing plaintiff’s suit. We adopt these reasons as our own opinion:
“The plaintiff, George L. Ducros Tile Company, brought this suit against Frey Homes, Inc. and Charles V. Frey, individually and in solido, for the sum of $1,-257.82, which amount represents 20 per cent, as attorney’s fees on the principal and interest of a certain promissory note dated October 18, 1948, signed by Frey Homes, Inc. and indorsed by Charles V. Frey.
“The undisputed facts show that on October 18, 1948, Frey Homes, Inc. executed a promissory note payable to the order of ‘ourselves’ thirty days after its date, in the sum of $6,240.92, bearing interest at the rate of 6 per cent, per annum and contained the additional proviso that ‘if this note is not paid when due and it should be placed in the hands of an attorney-at-law for collection (or if it should be necessary to collect said note in legal proceedings of any kind) there shall be due attorney’s fees, hereby fixed at 20 per cent.’ Plaintiff contends that the note was placed in the hands of its attorney on December 1, 1948, and on the same day the attorney made demand for payment of the principal, interest and attorney’s fees.
“There is no question but that on December 2, 1948, Charles V. Frey, President of Frey Homes, Inc. and indorser of the note, presented to the Whitney National Bank, Broad Street Branch, check of the said Frey Homes, Inc., dated December 2, 1948, drawn to the order of George L. Ducros Tile Company in the sum of $6,289.12; the said note having been held by the said bank for collection.
“There was much evidence taken with reference to an extension of time for payment of the note, but the Court finds it unnecessary to determine as a question of fact whether an extension of time was granted to the defendants for the reason that transaction or compromise, or accord and satisfaction, had taken place between *622 plaintiff and defendant, thereby preventing plaintiff’s recovery herein.
“The check in question, on its face in the lefthand corner thereof, contains the following printed legend:
“ ‘By endorsement this check is accepted in full payment of the following account:
Date Amount.’
“Immediately beneath this legend, under the printed heading ‘amount’, the following was written in pen and ink:
“ ‘Note 6240.92
Int. 48.20
Ch 6289.12’
“Below this there appears in print the following:
“ ‘Total of invoices -
Less — % discount -
Less -
Total deductions -
Amount of check
If incorrect please return. Ño
receipt necessary.’
“On the reverse of the check the defendant, Charles V. Frey, placed the following indorsement in pen and ink:
“ ‘Payment in full of note for all tile work in Florida Gardens Subdivision.’
“Beneath this indorsement the attorney for plaintiff caused the following indorsement to be typed on the check:
“ ‘Payee accepts this check in partial payment of obligations of maker and endorser on note of Frey Homes Inc. dated 10/18/48 in principal sum of $6,240.92 plus interest and Attorney’s fees and with full reservation of its right to collect attorney’s fees as provided by said note and which had accrued before tender of this check.’
“Plaintiff then caused the check to be certified, indorsed it:
“ ‘Geo. L. Ducros Tile Company by
L. D. Roubion partner,
for deposit
Geo. L. Ducros Tile Company.’
and deposited the check in the Whitney National Bank.
“The only question which it is necessary to consider is whether or not the action of plaintiff in certifying and cashing the check containing the aforementioned in-dorsements amounted to a compromise of the debt sued upon. In my opinion it did.
“The appellate courts of this state have passed upon this proposition on several occasions. Judge McCaleb, speaking for the Court of Appeal for the Parish of Orleans in Davis-Wood Lumber Co. v. Farnsworth & Co., La.App., 171 So. 622, in a very learned opinion, went into this question very thoroughly and reviewed all the jurisprudence thereon, particularly Meyers v. Acme Homestead Ass’n, 18 La.App. 697, 138 So. 443, decided by the Orleans Court of Appeal in 1931, and Berger v. Quintero, 170 La. 37, 127 So. 356, decided by the Supreme Court of this state in 1930. In that case Judge McCaleb held that the plea of estoppel filed by the defendant was good and dismissed plaintiff’s suit.
“There is no question but that in this case the defendants intended to settle all of their obligations to plaintiff by the payment of the check in question for the reason as disclosed by the indorsement on the face of the check, and particularly the in-dorsement on the reverse of the check ‘Payment in full of note for all tile work in Florida Gardens Subdivision’. Defendants’ liability for attorney’s fees can arise only from the note, and when plaintiff had the check certified and then deposited same, it thereby accepted it as full satisfaction of all liability of the defendants under the note, and particularly for attorney’s fees.
“Transaction and compromise, or accord and satisfaction, has taken place between plaintiff and defendants, and plaintiffs are thereby precluded from recovery herein.”
In addition to the defense of accord and satisfaction, defendants resisted the suit on several other grounds, which, of course, in view of our conclusion need not be touched upon.
Therefore, the judgment appealed from is affirmed.
Affirmed.