McBRIDE, Judge.
About September 16, 1952, plaintiff sold and delivered certain Sanborn Atlases and on May 15, 1953, a piece of sheet music to defendant, and a dispute arose between them as to whether the purchase price of the atlases was $200, as contended by plaintiff, or $25, as Veith contended. Veith also maintained that although he had ordered eleven atlases from plaintiff he had received but ten. On May 22, 1953, Veith sent his check for $25 to plaintiff, the check containing the notation “in full,” and plaintiff held the check in his possession until November 16, 1953, when he deposited it for collection in his bank after deleting the words “in full” with an ink eradicator. The check was in due course paid by the drawee bank. Plaintiff considered the check of $25 as a partial payment on Veith’s account and entered it as such on his books. The record does not show why it was he kept the check without attempting to cash it for the six-month period, but we are led to believe that plaintiff held the check because of the dispute as to the amount due on Veith’s account.
By this suit plaintiff seeks recovery of an alleged $175 balance on the purchase price of the atlases and the $1 purchase price of the sheet music. Veith in his answer asserts that his payment was in full settlement of his indebtedness to Whit-lock
*150 After a trial of the case on its merits below, there was judgment in favor of the widow and executrix of Veith (Veith having died pending the suit) dismissing plaintiff’s demands as of nonsuit, from which an appeal has been taken by plaintiff.
The case presents the question whether the plaintiff in collecting the check which contained the aforementioned notation amounted to a compromise of the debt sued for.
We think plaintiff is estopped from making claim for the price of the atlases for the reason that transaction and compromise, or accord and satisfaction, has taken place between the parties and a recovery is precluded. No matter how irrevocably Veith admitted owing the $25 and no matter how small that sum is as compared to plaintiff’s claim, the payment grew out of the transaction and was clearly related thereto and as there was a genuine dispute between the parties to the contract and a tender made and accepted, the payment constitutes accord and satisfaction. Meyers v. Acme Homestead Ass’n, 18 La.App. 697, 138 So. 443; Davis-Wood Lumber Co., Inc., v. Farnsworth & Co., Inc., La.App., 171 So. 622; Geo. L. Ducros Tile Co. v. Frey Homes, Inc., La.App., 65 So.2d 621. The situation is not altered because of the fact that the plaintiff took it upon himself to delete the words “in full” from the check.
In testifying regarding the sheet music, Mrs. Veith declared that this was returned by her husband to the plaintiff.
A judgment of nonsuit was not proper as the suit should have been dismissed, but we are powerless to change the judgment to one of dismissal for the reason the appellee made no answer to the appeal praying for such relief.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.