208 So.2d 359 (1968)
William BRAUDAWAY
v.
UNITED EQUITABLE INSURANCE COMPANY.
No. 2841.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1968.
Rehearing Denied April 8, 1968.
Joseph Rosenberg, New Orleans, for plaintiff-appellee.
Bronfin & Heller, Martin L. C. Feldman, New Orleans, for defendant-appellant.
Before SAMUEL, CHASEZ and JANVIER, JJ.
SAMUEL, Judge.
This is a suit for the sum of $566.67 (being a claim of $700 less a credit of $133.33 allegedly "paid on account" by the defendant), plus penalties and attorney's fees, under a contract of hospital confinement insurance issued by the defendant to the plaintiff. Defendant answered the petition, denying liability, averring an absence of coverage under the policy and specially pleading the defense of accord and satisfaction. After trial there was judgment in favor of plaintiff in the full amount of $566.67, plus 12% penalty and an attorney's fee of $200. Defendant has appealed.
The policy in suit provides for payment "* * * in the event of hospital residence occurring solely as the consequence of direct bodily injury resulting from any accident and independently of other causes * * * beginning with the first day when such injury shall continually confine the insured to a hospital * * *." Plaintiff alleged and testified he sustained an accident on January 8, 1966 which resulted in a thrombophlebitis of the left calf and that, for treatment and surgery necessitated by the condition, he was hospitalized from January 11 to January 15, 1966, January 28 to February 8, 1966, and April 12 to April 20, 1966. He seeks benefits for that total hospitalization.
In this court defendant contends, alternatively: (1) plaintiff cannot recover because he has failed to prove either the occurrence of an accident or that the accident, if it did occur, was the sole cause of his hospital confinement; (2) accord and satisfaction; (3) in any event, as the policy provides benefits only for continual hospital confinement and not for continuous treatment, *360 plaintiff is not entitled to benefits beyond his first hospital confinement from January 11 to January 15, 1966; and (4) even if defendant is liable in this suit, plaintiff cannot recover penalties and attorney's fees because defendant's denial of liability was not arbitrary or capricious. As we are of the opinion the plea of accord and satisfaction is well founded, and as this conclusion disposes of the case, a discussion of the other issues is unnecessary.
The only evidence taken at the trial consists of various documents introduced by both litigants and the testimony of the plaintiff. Insofar as the plea of accord and satisfaction is concerned, the record reveals the following:
When plaintiff filed his claim for policy benefits defendant denied any liability thereon. By letter dated February 25, 1966 defendant informed him the policy provided benefits only for hospital confinement due exclusively to accidental bodily injury, the cause of his hospitalization had been illness, which may have been aggravated but had not been caused by accident, and under those circumstances nothing was payable under the terms of the policy. On July 6, 1966, apparently following further demands and correspondence not revealed by the record, defendant again wrote plaintiff, reiterating that his confinement had been due to illness, but stating that, rather than pursue the matter, its draft for $133.33 was enclosed; the letter also stated $133.33 was the maximum amount of benefits obtainable for four days of continuous hospital confinement.
Plaintiff's counsel answered defendant's letter of July 6, 1966 stating the tender of $133.33 was refused because it was based on the erroneous conclusion that plaintiff's condition resulted from illness rather than accident and demanding the difference of $566.67. Defendant answered that letter, stating in its answer that it maintained its position (relative to illness rather than accident) and pointing out that, in any event, only the first confinement was compensable under the policy and the draft fully paid for that confinement. Despite this correspondence plaintiff cashed the draft, retained the proceeds and then instituted this suit.
In order to maintain a plea of estoppel based on the doctrine of accord and satisfaction there must be present: (1) an unliquidated or a disputed claim; (2) a tender made by the debtor in full settlement of the claim; and (3) an acceptance of the tender by the creditor; when the first two requirements are present the creditor cannot accept the tender and, at the same time, avoid the fact that such acceptance constitutes full settlement of his claim. Henriques v. Vaccaro, 220 La. 216, 56 So.2d 236; Berger v. Quintero, 170 La. 37, 127 So. 356; Brindell-Bruno, Inc. v. Farnsworth Chambers Co., La.App., 154 So.2d 511; Jones v. Standard Life and Accident Insurance Co., La.App., 129 So.2d 84; Whitlock v. Veith, La.App., 83 So.2d 148; Geo. L. Ducros Tile Co. v. Frey Homes, La. App., 65 So.2d 621; Davis-Wood Lumber Co. v. Farnsworth & Co., La.App., 171 So. 622; Meyers v. Acme Homestead Ass'n., 18 La.App. 697, 138 So. 443; Sentall v. Wilcox, 3 Orleans App. 503.
We are satisfied that all three requirements have been met in the instant case. Here there is no question that a genuine dispute existed. Plaintiff claimed he was entitled to benefits under the policy because his hospital confinement resulted from accident while defendant took and maintained the position that the hospital confinement was due to illness, in whole or in part, and therefore not covered by the policy. In view of the correspondence set forth above, particularly the July 6, 1966 letter of plaintiff's counsel (in which he stated the tender of $133.33 was refused because it was based on the erroneous conclusion that plaintiff's condition resulted from illness rather than accident) and defendant's reply thereto, we are satisfied the second requirement has been met; the $133.33 payment was tendered in full *361 settlement of the claim and such intention was known to plaintiff. Plaintiff was without authority to change the condition of the tender. Under the doctrine of accord and satisfaction, by cashing the check and retaining the proceeds he has estopped himself from now claiming the balance he alleges is due.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, United Equitable Insurance Company, and against the plaintiff, William Braudaway, dismissing said plaintiff's suit; costs in both courts to be paid by plaintiffappellee.
Reversed.