WILLIAMS, Judge.
This litigation was initiated by plaintiff, Van-Trow Olds Cadillac, Inc., to recover a balance claimed to be due by defendant, Robert J. Dodwell, on an open account. The open account extended over a period from January 9, 1968 through April 28, 1968 as shown on a statement attached to plaintiff’s petition and which shows a balance allegedly due by defendant of $441.03.
Defendant admits that he has had an account with the plaintiff for services and repairs during the period covered by the statement but contends that such payments defendant made settled in full his account. Defendant further contends that the amount claimed by plaintiff in this suit was erroneously charged to him. Defendant further claims that on September 12, 1968 he strongly protested to plaintiff and denied liability of the above charges, and on this date defendant paid to plaintiff by check the amount of $100.11 as the net and only balance due by defendant. On this check defendant had typed on the back “payment in full”; that plaintiff accepted the check and deposited same to its account and should accordingly be bound thereby. There was judgment in favor of defendant and plaintiff has appealed.
In April 1968 defendant’s car was damaged by one Bill Ayres. The car was taken to plaintiff’s shop for repairs. The charges for these repairs, amounting to $350.62, were paid by Bill Ayres, but were shown on defendant’s account. The hood on defendant’s car was bent in the collision caused by Ayres and plaintiff had to replace a hood hinge. Defendant was advised that the car was repaired and late in the afternoon of Friday, April 19, 1968 he drove it from plaintiff’s shop. Soon after leaving the shop the hood “popped up” but it was prevented from going all the way up by the safety catch. Defendant fastened the hood and after a few blocks of driving the hood again “popped up”. Defendant states he immediately returned' to plaintiff’s shop but due to the lateness of the hour he found the shop closed.
Defendant testified he drove the car the next day and later loaned it to one of his parishioners. While the car was being driven by the parishioner the hood catch came loose, the safety catch failed to. hold, and the hood struck the windshield and top of the car resulting in considerable damage. The president of plaintiff corporation was notified of the accident and had defendant bring the car back to the shop.
Defendant visited plaintiff’s shop and when advised by the body shop manager of the costs of the repairs informed the manager he was not concerned with the costs because plaintiff was responsible for the damages. In spite of this advice plaintiff fixed defendant’s car and delivered it to him. Some weeks later defendant received a copy of the statement attached to plaintiff’s petition. Defendant testified he called plaintiff’s credit manager and denied owing any amount except the sum of $100.-11 which represented prior services rendered to defendant. On September 12, 1968 defendant called at plaintiff’s place of business and on this occasion denied owing any amount over $100.11 to plaintiff. Such denial was also made by defendant to the credit manager, the body shop manager and to the president. On the same day defendant brought in his personal check for $100.11 on the back of which he had typed *156 the phrase “payment in full.” The check was delivered to the credit manager, endorsed by plaintiff and deposited to its account in the bank in the ordinary course of business. It was the contention of defendant in the trial court and in this court that there has been an accord and satisfaction of the alleged account by the acceptance by plaintiff of the check marked “payment in full”. Plaintiff contends there is no accord and satisfaction of defendant’s total account; that defendant merely paid what he admitted was due and refused to pay the additional repairs that he disputed. Plaintiff further contends that defendant committed an act of deception by typing on the back of the check the “obscure notation” of “paid in full”.
The district judge in an able and well reasoned written opinion rejected plaintiff’s demands.
There is no evidence in the record to imply that defendant sought to deceive plaintiff. The credit manager assisted defendant in preparing the personal check to conform to the undisputed amount. The check was first made for $100.31 and then changed to $100.11 by the credit manager in the presence of defendant. Plaintiff's contention that defendant had only paid what he admitted he owed and there was no consideration for accord and satisfaction is not sustained by the jurisprudence of this state:
“ ‘The fact that defendant’s check was for an amount admitted to be due does not prevent its acceptance — when tendered with the stipulation that the payment constituted a full settlement — from constituting an accord and satisfaction.’ Mall Tool Co. v. Poulan, La.App., 40 So.2d 512, See also Berger v. Quintero, 170 La. 37, 127 So. 356; Whitlock v. Veith, La.App., 83 So.2d 148; Meyers v. Acme Homestead Ass'n, 18 La.App. 697, 138 So. 443; Davis-Wood Lumber Co., Inc. v. Farnsworth & Co., Inc., La.App., 171 So. 622; Thompson v. Stacy, La.App., 148 So.2d 834.”
[Brindell-Bruno, Inc. v. Farnsworth & Chambers Co., 154 So.2d 511, 514, La.App. 4th Cir. 1963]
See also 6 Louisiana Civil Law Treatise (Litvinoff) § 385 (1969), on Accord and Satisfaction.
The requirements to sustain a plea of accord and satisfaction are set forth in the case of Braudaway v. United Equitable Insurance Company, La.App., 208 So.2d 359 (4th Cir. 1968) as follows:
“In order to maintain a plea of estoppel based on the doctrine of accord and satisfaction there must be present: (1) an unliquidated or a disputed claim; (2) a tender made by the debtor in full settlement of the claim; and (3) an acceptance of the tender by the creditor; when the first two requirements are present the creditor cannot accept the tender and, at the same time, avoid the fact that such acceptance constitutes full settlement of his claim. * * *”
[208 So.2d 359, 360]
Defendant met the above requirements and the trial court properly rejected plaintiff’s claim. Therefore, the judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.