346 So.2d 275 (1977)
TERRA TRUCKS, INC.
v.
Lois WEBER.
No. 7763.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
Craig J. Cimo, Gretna, for plaintiff-appellee.
Graham, Kiefer & Arceneaux, Louis B. Graham, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and GULOTTA, JJ.
SAMUEL, Judge.
Defendant appeals from a judgment condemning her to pay $600 on an open account. She had entered into an oral contract with the plaintiff corporation through its president under which the latter provided fill for two lots owned by her for a total price of $2,200. Defendant paid the sum of $1,600, but refused to pay the $600 balance because of a dispute as to whether the fill provided conformed with that agreed upon.
In this court, as she did in the trial court, appellant defends on the ground of accord and satisfaction. Thus, the sole issue before us is whether defendant's check for $1,600, which was deposited by plaintiff in its bank account, was tendered and accepted in full settlement of the claim. In addition to that check the only evidence contained in the record relative to that issue is the testimony of the defendant and the testimony of plaintiff's president, Salvadore J. Gulino.
Written on the lower left face of the $1,600 check are the words "Fill Pasadena Lots". Defendant testified she was not satisfied with the type of fill supplied by plaintiff, refused to pay the full contract price, and discussed the matter with Mr. Gulino who agreed to settle for $1,600. The Gulino testimony contradicts this. He stated the *276 fill was in accordance with the contract; that although defendant visited the site every other day while the fill was being delivered, spread and graded, she made no complaints until he sent the bill; and that he never agreed to accept $1,600 as full payment.
Although the doctrine of accord and satisfaction is unknown in Louisiana statutory law, the principle is incorporated in Louisiana jurisprudence by case law. For such a defense to be applicable, three elements must be present: (1) a dispute as to the amount owed; (2) a tender by the debtor in full settlement of the claim; and (3) acceptance of the tender as full payment by the creditor.[1]
While the acceptance and cashing of a check for an amount less than that claimed when tendered as full payment constitutes accord and satisfaction and extinguishes the entire debt,[2] the question of whether or not the check had been tendered and accepted as full payment is a matter of fact.
The trial court obviously accepted the Gulino testimony to the effect that he had not agreed to accept $1,600 as full payment and had not done so. Nor does the inscription "Fill Pasadena Lots" indicate anything other than the debt to which the $1,600 check should be applied; it does not inform the payee that the check was being tendered in full settlement of the entire debt. Under these circumstances, we agree with the trial court's conclusion that the defendant has failed to prove at least the third element necessary for accord and satisfaction, the creditor's acceptance of the tender as full payment.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
LEMMON, Judge, concurs and assigns reasons.
In my opinion it is unnecessary and "uncivilian" to import the common law doctrine of accord and satisfaction to decide issues involving transaction and compromise.
C.C. art. 3071 et seq. control the situation when two parties attempt to adjust their differences by mutual consent, as was alleged in this case. Since these articles control, this case may be resolved by simply applying C.C. art. 3071's rule that the contract of transaction or compromise must be reduced to writing.
The only writing in this case was the check, which contains no indication that the check was offered by defendant or accepted by plaintiff in satisfaction of the entire debt. The element of mutual consent to the condition of full payment simply cannot be proved by verbal testimony.
The reason for the codal article's rule is obvious. If verbal evidence were allowed to prove that a check for less than the amount claimed was offered and accepted as payment of the full amount of the debt, then no creditor could accept a check in partial payment for fear of losing his right to claim the balance in a swearing match with a dishonest debtor.
Our Civil Code adequately provides the solution in the present case, and I would prefer to decide this case by simply citing the appropriate article.
NOTES
[1] Berger v. Quintero, 170 La. 37, 127 So. 356; Linda Mercantile Corp. v. Bowers, La.App., 230 So.2d 302; Braudaway v. United Equitable Insurance Co., La.App., 208 So.2d 359; 14 Tul.L. Rev. 282, 287.
[2] Van-Trow Olds Cadillac, Inc. v. Dodwell, La. App., 229 So.2d 154; Miller v. Oak Builders, Inc., La.App., 306 So.2d 449.