LeSUEUR, Judge.
This action was instituted by Pervis Robins against Miss Marie M. Pavone and Mrs. Mafhilde P. Goldberg (both hereinafter referred to as “Mrs. Goldberg”) for the sum of $300.00. Mrs. Goldberg in turn filed a third-party demand for complete indemnification against her insurer, St. Paul Fire and Marine Insurance Company (“St. Paul”), under the provisions of a Homeowner’s Policy. After a trial on the merits, the Court below rendered judgment in favor of plaintiff on the main demand and dismissed the third-party demand against St. Paul. The third-party plaintiffs appeal the dismissal of their action against St. Paul.
In September, 1966, Mrs. Goldberg’s house suffered certain water damage for which she made a claim against her insurer, St. Paul, through her insurance agent, J. Everett Eaves, Inc. The loss was adjusted for St. Paul by Donald Lasseter, a representative of General Adjustment Bureau, Inc. (“GAB”). An estimate of the repairs was made, a Proof of Loss was signed and submitted by Mrs. Goldberg for the estimated amount, and a draft in that amount was forwarded by St. Paul to Mrs. Goldberg.
Mrs. Goldberg contracted with Qualified Construction Company (“Qualified”) to do the work, which was actually performed by Robins under a sub-contract with Qualified. Qualified was not required to post a bond. After the work had been completed, Mrs. Goldberg paid the full contract price by endorsing the St. Paul draft over to Qualified, which cashed it but in turn failed to pay off its own sub-contractor, Robins, who filed a lien against Mrs. Goldberg’s property.
The third-party demand against St. Paul is based upon the contention that Lasseter, as St. Paul’s agent, acted improperly in prevailing upon Mrs. Goldberg to contract with Qualified and to pay Qualified in full when he knew or should have known that Qualified would accept payment but not pay Robins.
There is no question that Robins has a legitimate claim and lien for $300.00 re *543 corded against Mrs. Goldberg’s property; this was conceded at the time of trial. The only question raised on appeal concerns Mrs. Goldberg’s right to indemnification against St. Paul for the actions of Lasseter.
When Lasseter went to Mrs. Goldberg’s home, he introduced himself as an insurance adjuster. He stated that he was not sure that he identified his employer as GAB but was sure that he did not introduce himself as a representative of St. Paul. He was accompanied by a Mr. St. Blanc, a representative of Qualified. Both men testified that it was a normal practice for an adjuster to bé accompanied by a contractor to assist in arriving at an estimate since the contractor was more familiar with the current costs of labor and material locally.
Both Lasseter and St. Blanc examined the damage and calculated the cost of repairs. Since the figures were substantially the same, Lasseter told Mrs. Goldberg that St. Blanc’s estimate was reasonable and that he would accept it. He asked Mrs. Goldberg if she had anyone that she wanted to perform the work and told her that she was free to have anyone she chose make the repairs, and that her receiving payment from the insurance company was not conditioned on her having any specific contractor perform the repairs. There is some disagreement as to whether Lasseter or St. Blanc told Mrs. Goldberg that “Qualified was prepared to make the repairs”, but this statement cannot be construed as a recommendation of services regardless of who made the statement. Although asked the same question several times, Mrs. Goldberg never testified that Lasseter expressly recommended Qualified for the job. Thus the court does not find sufficient evidence in the record to support Mrs. Goldberg’s claim that Qualified or St. Blanc was recommended to her by Lasseter.
Mrs. Goldberg also alleges that once Robins informed her that Qualified might not pay him she contacted Lasseter for advice as to whether she should pay Qualified or Robins. She alleges that he said he would “check it out” and then later advised her to pay Qualified. Lasseter testified that he had advised her to pay the parties that she had contracted with and it was not until after the money was paid that he became aware of Robins’ sub-contract with Qualified. This advice and the reason for it appear logical and the court does not find any evidence of actionable fault on Lasseter’s part.
Mrs. Goldberg repeatedly stated throughout the prosecution of her action that Las-seter was the person sent out by the insurance company and she relied completely on him for that reason. He was the only person from the insurance company with whom she could deal because he was the representative sent to handle her claim. Although Lasseter was the adjuster, Mrs. Goldberg could have dealt with her agent or the insurance company if she was displeased with Lasseter’s handling of her claim or if she was anxious about protecting her rights under her policy. After she was put on notice by Robins that she possibly should not pay Qualified, Mrs. Goldberg contacted the insurance adjuster who was not a party to her contract with Qualified and who had completed his obligation to her by securing payment of her claim. • Mrs. Goldberg could then have sought legal advice but chose instead to rely on the advice of the insurance adjuster, who advised her based on the facts Mrs. Goldberg related to him. The record is' unclear concerning the facts so related but it does not appear that Lasseter knew that Qualified would not pay its sub-contractor although he did know that Mrs. Goldberg had a legal obligation to Qualified.
The question of Lasseter’s agency relationship to St. Paul does not warrant discussion, since the court is of the opinion that Mrs. Goldberg was not damaged by reliance on any acts or advice of Lasseter. Although Mrs. Goldberg did suffer damages by having to pay both Robins and Qualified *544 for the same work, this loss was not caused by Lasseter and her action, although possibly unenforceable, is against Qualified.
For the foregoing reasons, the judgment of the trial court in favor of Robins against Miss Pavone and Mrs. Goldberg and dismissing their action against St. Paul is affirmed.
Affirmed.