TUCKER, Judge.
On December 12, 1969, a materialman’s lien was filed and recorded in the Mortgage Records of Terrebonne Parish, Louisiana, in Mortgage Book 310, Folio 177, under Entry No. 373025, in favor of Lafayette Woodworks, and against Kenneth F. Boudreaux and his residence, properly described, to secure the payment of Two Thousand Nine Hundred Forty-two and 17Aoo ($2,942.17), representing the purchase price of building materials and millwork furnished by plaintiff to Stanford Homes, the contractor who constructed the residence in question for defendant owner. On July 9, 1970, the present suit was filed by Lafayette Woodworks against Kenneth F. Boudreaux, owner of the residence for which plaintiff supplied materials,' and the Bank of Terrebonne & Trust Co., Houma, Louisiana, holder of the mortgage on the residence in question, said suit being numbered 33,773, on the docket of the Seventeenth Judicial District Court. Service of the suit and citation was made upon both defendants. The original petition set forth all the essential allegations required by L.R.S. 9:4812 to enforce a materialman’s lien against the property and against its *178 owner. Plaintiff’s prayer for relief concluded as follows:
“ * * * against defendants recognizing your petitioner’s said labor and material lien which is recorded December 12, 1969 in Mortgage Book 310, Folio 177 under Entry No. 373025, Mortgage Records, Terrebonne Parish, Louisiana, as a good and valid labor and material lien affecting the property of the defendant, Kenneth F. Boudreaux described in the foregoing petition and that the said lien in the sum of $2,942.17 be recognized as having priority and superiority over any and all other creditors of defendant and all claims against defendant’s said property including the claim of the defendant Bank of Terrebonne & Trust Company, Houma, Louisiana, and in due course that the said property be seized and sold, according to law and petitioner’s said lien be paid with said priority from the proceeds thereof, and for all costs of this suit and for all general and equitable relief and all necessary orders in the premises, etc.”
Plaintiff did not file a notice of this suit in the Mortgage Records of Terrebonne Parish as required by sentence 3 of L.R.S. 9:4812, as amended by Act No. 405 of the regular session of the 1966 legislature.
On January 13, 1971, defendant Kenneth Boudreaux petitioned for hearing on a rule to show cause why plaintiff’s material lien against him should not be canceled from the Mortgage Records, inasmuch as plaintiff had never filed the notice of his suit against defendant as required under L.R.S. 9:4812, with the result that its lien filed against defendant Boudreaux on December 12, 1969, had prescribed within a year from that date. An Order was signed setting the hearing on this rule for January 22, 1971, and later extended to January 29, 1971. On that date defendant Boudreaux filed a Peremptory Exception of Prescription on the same grounds as previously alleged and asked that all of plaintiff’s demands against him be dismissed at his costs. On January 29, 1971 the trial judge signed an order permitting the filing by plaintiff Lafayette Woodworks of a supplemental and amended petition dated January 28, 1971, in which he alleged that defendant Boudreaux had not recorded in the Records of Terrebonne Parish the building contract between Stanford Homes as Contractor and Kenneth F. Boudreaux, as owner, under which defendant’s home was built. In the light of this discovery plaintiff asks judgment against Kenneth F. Boudreaux in the amount of Two Thousand Nine Hundred Forty-two and 17/ioo ($2,942.17), with legal interest from the date of judicial demand until paid, and for all costs of suit. He reiterated and incorporated all allegations of the original petition. Also on January 29, 1971, plaintiff filed an exception of no cause or right of action against the petition of defendant filed January 13, 1971, on the rule to show cause. Plaintiff alleged that L.R.S. 9:4812 was enacted for the protection of third persons, and that his suit filed July 9, 1970, was sufficient notice as between the material-man and the owner to toll the prescriptive period of one year provided by the aforesaid statute without any necessity of additional recordation of the filing of notice of the suit in the Mortgage Records. He further alleged the unconstitutionality of Act 405 of 1966, and argued that to construe the statute as requiring the filing of notice of suit in the Mortgage Records under the circumstances of the instant case would render nugatory sentence 2 of L.R.S. 9:4812.
On February 1, 1971, defendant Bou-dreaux filed exceptions of prescription and no cause of action reiterating his early allegations and pleading additionally that plaintiff’s supplemental and amended petition set forth an entirely different cause of action. He alleged further that there was no privity between Lafayette Woodworks and the defendant Kenneth F. Boudreaux.
On February 17, 1971, hearing was held and judgment rendered on defendant Bou-dreaux’s rule to show cause filed January 13, 1971, ordering the Clerk of Court of *179 the Parish of Terrebonne to cancel and erase from the Mortgage Records the ma-terialman’s lien and privilege filed December 12, 1969, in favor of Lafayette Wood-works, and against the property of Kenneth F. Boudreaux, as having prescribed on December 12, 1970. The judge ordered the defendant in Rule to pay all costs of the proceedings, but refused plaintiff-in-rule Boudreaux’s request that he pay attorney fees due for the cancellation of the lien, inasmuch as the court did not find any evidence of malice in the filing of the lien. The lower court held that the provisions of L.R.S. 9:4812 are to be construed strictly as requiring the filing of notice of suit in the mortgage records to interrupt the running of prescription against a material-man’s lien. He grounded his opinion upon Robins v. Pavone, 224 So.2d 541 (La.App. 4th Cir. 1969) and Pringle-Associated Mortgage Corp. v. Eanes, 208 So.2d 346 (La.App. 1st Cir. 1968) writ granted 252 La. 267, 268, 270 ; 210 So.2d 508, 509 (1968), and affirmed by the Supreme Court, 254 La. 705, 226 So.2d 502 (1969). He further ruled Act 405 of 1966 to be constitutional in all respects, in that the title of the act is broad enough to cover all items embraced therein.
From this judgment on the rule ordering the cancellation of the materialman’s lien the plaintiff Lafayette Woodworks has appealed alleging the following suggestions of error by the lower court:
(1) The judgment of the Court rendered on February 17, 1971, on the construction of LSA-R.S. 9:4812 is contrary to the law because it does not give effect to all parts of the statute without nullifying and rendering useless other parts of the same.
(2) The trial Court erred in ordering the cancellation of plaintiff’s lien and privilege against defendant’s property.
(3) The trial Court failed to rule on and dispose of the exception of prescription of one year which was filed by Kenneth F. Boudreaux to plaintiff’s supplemental and amended petition praying for judgment in personam against defendant, Kenneth F. Boudreaux, which exception of prescription should be overruled, and that issue allowed to proceed to trial on the merits.
This court finds plaintiff-appellant’s first specification of error invalid. Sentences two and three of the first paragraph of L.R.S. 9:4812 are completely compatible with each other, and also with sentence four. Sentence three merely adds a proviso to sentence two by stating that unless notice of a suit is filed in the Mortgage Records within one year from the date of recordation of the lien, the lien will prescribe as stated in sentence two. There is absolutely nothing in sentence two to indicate that it applies solely between the ma-terialman and the owner, as argued by plaintiff.
The apparent purpose of the 1966 regular session of the legislature in adopting Act No. 405 amending L.R.S. 9:4812 was to add a requirement for the filing of notice of suit where the materialman is suing on a lien in order to obviate the necessity of an annual reinscription of the lien.
 The liens and claims provided for in L.R.S. 9:4812 are in derogation of the general law of contract and must be interpreted strictly. Pringle-Associated Mortgage Corp. v. Eanes, supra. In Kaplan v. Pettigrew, 150 So.2d 600 (La.App. 4th Cir. 1963) (involving the reinscription issue) and in Robins v. Pavone, 224 So.2d 541 (La. App. 4th Cir. 1969) the materialman’s suit was directly against the owner, as in the instant case, and the principle of stricti juris, as applied to the statute in question, was upheld. Under a strict interpretation of L.R.S. 9:4812 this court must find the lower court correct in ordering the cancellation of plaintiff’s lien against the defendant’s property, inasmuch as plaintiff failed to file notice of his pending suit in the Mortgage Records of Terrebonne Parish.
Since the materialman’s lien is a claim against the property itself and constitutes a “cloud” upon its title, it is under *180 standable that a notice of the filing of a suit against the property should be required. There is no way of knowing when this property against which the lien has been filed may pass out of the hands of the original owner and into the hands of third parties, even within a year after recordation of the claims against it; hence the necessity for filing a notice of any suits pending against it. In the instance of a claim against the owner personally for which L.R.S. 9:4812 also provides, there is no requirement of a notice of filing of suit, which is equally understandable. A claim by a materialman against the owner personally does not constitute a “cloud” upon the title of the property to which the materialman supplied materials, and there is no necessity for notice to third persons. Paragraph three of L.R.S. 9:4812 which provides for a suit by the material-man directly against the owner does not require the filing of a notice of suit. The lower court erred in not considering the plaintiff’s claim to a personal judgment against the defendant under this provision.
Paragraph three of L.R.S. 9:4812 provides as follows :
“Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or subcontratcor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent.”
It is conceded that the building contract was not recorded. Plaintiff clearly qualifies for enforcement of his claim against defendant Boudreaux personally, under the above-quoted provisions, even though he is not entitled to have his lien against defendant’s property maintained and enforced. [For additional information on the dual remedy provided under L.R.S. 9:4812 see 44 Tu.L.R. 337-340 (1970).]
Plaintiff-appellant’s supplemental and amended petition seeking relief under paragraph three of L.R.S. 9:4812 was argued orally in open court and briefed by opposing counsel (Tr. 27). This court finds plaintiff-appellant correct in urging that the lower court should have passed upon this issue, which he did not mention in his narrative of the case (Tr. 33-34).
Defendant-appellee has argued that Plaintiff-appellant has unduly enlarged his original pleadings by the allegations of supplemental and amended petition and has stated a new cause of action. This court finds otherwise. The plaintiff has met every requirement for personal action against the owner as required under the provisions of L.R.S. 9:4812, as amended. He named the owner Kenneth F. Bou-dreaux a party defendant in his original petition. He set forth the cause of action in detail, the amount of the claim for which judgment was sought; and, while he prayed originally that the property be sold to satisfy his demand, he also prayed for all general and equitable relief. Under C.C.P. Arts. 862 and 865 the old prayer for “general relief” is not even necessary today. The Court may simply grant the relief to which the plaintiff is entitled, whether or not he prayed for it. Far from stating a new cause of action in his supplemental and amended petition plaintiff merely made specific the relief which he sought and the reason for it (i. e., the fact that no building contract had ever been recorded by the building contractor).
The judgment of the lower court in favor of the defendant in the main demand and plaintiff in rule, Kenneth F. Bou-dreaux, ordering the cancellation of the materialman’s lien, recorded in Mortgage Book 310, Folio 177 under Entry No. *181 373025, records of Terrebonne Parish, Louisiana, is hereby affirmed. That portion of the judgment which denies plaintiff in the main demand and defendant in rule Lafayette Woodworks a right to pursue defendant owner in personam is reversed and remanded to the lower court for further proceedings in accordance with law and the views herein expressed.
The costs of this appeal are assessed against the defendants; the assessment of all other court costs is to await the outcome of this litigation.
Affirmed in part, and remanded.