309 So.2d 776 (1975)
Elray John DUMOND, Plaintiff-Appellee,
v.
MOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 4910.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
*777 Landry, Watkins, Cousin & Bonin by Jack Cousin, New Iberia, for defendant-appellant.
W. D. Atkins, Jr., Lafayette, for plaintiff-appellee.
Davidson, Meaux, Onebane & Donohoe by Robert Mahony, Lafayette, Doucet & Hartman by Darrell J. Hartman, Kaplan, for intervenor-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
FRUGE, Judge.
This is a suit on an insurance policy for windstorm damage to a mobile home owned by the plaintiff. Judgment was rendered in favor of the plaintiff by the trial court, and we affirm that judgment.
On June 9, 1971, Elray Dumond purchased a new mobile home for $8,626.80, of which plaintiff paid $3,040.00 in cash. ADCO Rediscount Corporation financed the balance which, with insurance, license and documentary fees, and the finance charge of $4,982.90, brought the total payments to $11,629.20. Plaintiff gave his promissory note for that amount to ADCO Rediscount Corporation payable in monthly installments of $96.91.
The mobile home was insured by the defendant, Mobile Insurance Company, for an actual cost or appraised value of $8,000.00 with liability limits of actual cash value less $250.00 deductible. Under the policy, defendant obligated itself to pay, subject to the limitations of the policy, for all loss or damage due to windstorm. The limits of the company's liability under the policy were the actual cash value of the insured property at the time and place of the loss, the actual cash value of the part lost if the whole was not lost, or the cost of repair or replacement of the property insured.
The mobile home was delivered in August and insurance coverage began in that month. On September 16 the hurricane winds from Hurricane Edith pushed the mobile home off its blocks, causing damage to the home, which damage resulted in the present litigation. Plaintiff brought this action on August 23, 1972, to recover the sum of $11,629.20, claiming that his mobile home was lost as a result of the hurricane and alleging arbitrary refusal to pay the loss, and prayed for penalties and attorney's fees as well as interest and cost. ADCO Associates, Incorporated, as assignee of ADCO Rediscount Corporation, intervened to recover the amount of plaintiff's note, this being the same amount as plaintiff's claim. Another intervention was filed by Adam Meaux, claiming to be the owner of the property on which the mobile home was located and seeking recovery of a rental fee of $10.00 per day from and after the date of the hurricane.
Defendant answered plaintiff's petition admitting its policy of insurance and claiming that the plaintiff is entitled to no more than the cost of repair. After trial on the merits, the lower court granted judgment in favor of the plaintiff and against the defendant in the full sum of $8,000.00, less the $250.00 deductible and less the salvage value of $1,250.00, or a total of $6,500.00, plus legal interest, statutory penalties of 12%, attorney's fees of $1,000.00, and all costs. Judgment was also granted in favor of the intervenor, ADCO Associates, Incorporated, and against the plaintiff in the full sum of $11,629.20, subject to a credit for unearned interest and unearned insurance premiums. The trial judge also granted judgment in favor of Adam Meaux in the sum of $500.00. Defendant perfected a suspensive appeal from this judgment.
*778 The defendant alleges error on the part of the trial court in failing to impose on the plaintiff the burden of proving the extent of his loss beyond that conceded by the defendant, and in finding that the mobile home was a total loss. We find this contention without merit. The test for determining whether damaged property is a total loss is whether the cost of repairs exceeds the value of the property. Bennett v. Emmco Insurance Company, 215 So.2d 518 (La.App. 4th Cir. 1968). The record indicates that the plaintiff met his burden of proving that the cost of repairs exceeded the value of the mobile home. Four witnesses were qualified as experts by the court: Roy Halself, Paul Emonet, Joseph McConley, and Gordon St. Julian. After hearing the testimony of these witnesses, the trial judge concluded that it would cost more to repair the mobile home than to replace it. His conclusion is supported by the testimony of Halself, Emonet, and McConley, and we affirm his holding as to the sufficiency of the evidence.
The defendant next alleges as error the fact that the trial judge made its award on the basis of the insured value of the complete mobile home, including the furnishings, when there was no evidence of damage to the furnishings and no evidence as to the value of the damaged portion of the unit that would exceed its replacement cost. The record contains bids from several mobile home brokers. Quality Mobile Housing, Inc. of Abbeville submitted a bid of $1,975.00 for the entire mobile home. Better Built Manufacturing Company of Pineville submitted a repair bid of $4,500.00 and a salvage bid of $2,250.00. C & W Salvage of Amarillo, Texas submitted a bid of $1,387.50 for the entire mobile home. We find that the record adequately supports the judgment rendered by the trial judge.
The final specification of error by the defendant is that the trial judge erred in awarding penalties and attorney's fees when there was no evidence to support the conclusion that the defendant had acted arbitrarily and unreasonably. We find, to the contrary, that there was in fact sufficient evidence that the defendants had acted arbitrarily and capriciously in denying payment of the insurance claim to plaintiff. The defendant obtained bids from Mr. McConley in the amount of $4,500.00 and from Mr. St. Julian in the amount of $1,632.96, and sent to the plaintiff a proof of loss form from the insurance company based upon the figure of $1,382.96 as a complete and final settlement for his loss. This figure was based on the bid received from Mr. St. Julian in the amount of $1,632.96, less the $250.00 deductible provided for in the insurance policy. This proof of loss form was never executed by the plaintiff as he informed the insurer that this amount was not acceptable and he desired payment for the total loss of his mobile home. The record indicates that the defendant never tendered to the plaintiff a draft or check for the amount of its own estimate of the damage to the structure.
In Benoit v. American Mutual Insurance Company of Boston, 236 So.2d 674 (La.App. 3rd Cir. 1970), this court found that the defendant-insurer was arbitrary and capricious and awarded penalties and attorney's fees to the plaintiff in light of the fact that the defendant, who had made its own estimate of the damage to the structure, failed to tender to the plaintiff the amount of this estimate. We find that decision to be determinative of the issue at hand, and affirm the award by the trial court of penalties and attorney's fees to the plaintiff against the defendant.
In his appellate brief the plaintiff had requested an increase in attorney's fees. The plaintiff did not appeal this case nor did he answer the appeal by the defendant, and for this reason we may not consider this request.
For the reasons assigned, the judgment of the trial court is affirmed, at defendant-appellant's cost.
Affirmed.