SARTAIN, Judge.
This suit is for money allegedly owed to the plaintiff by the defendants, Webco Insulation, Inc. (Webco), and its attorney, Emile M. Weber (Weber). Defendants have appealed from an adverse judgment in the district court holding them liable, individually and in solido, in the amount of $5,861.00, together with legal interest from the date of judicial demand, and for all costs of these proceedings. We affirm.
On May 13, 1970, Shreveport Donuts, Inc. and Dunkin’ Donuts, Inc. (Dunkin’), as owner, entered into a contract with Webco for the construction of a building to be located in Alexandria, Louisiana, for the total consideration of $54,750.00. Mr. Weber, as attorney, signed the contract for Webco. On July 27, 1970, Webco, again represented by Mr. Weber, assigned this contract to A. R. Guglielmo, Inc. (Gugliel- *428 mo) wherein it was agreed that Guglielmo would build the building in accordance with the plans and specifications made a part of the building contract, and following completion of the building the profit to be derived therefrom was to be divided equally between Guglielmo and Webco. The assignment in pertinent part provided further, “it (Guglielmo) will handle the job completely and will receive all payments on said contract.” Mr. Weber had full authority to act for Webco.
Dunkin’ declined to release Webco from the original contract and it was therefore decided that in accordance with the purported assignment all sums owed by Dun-kin’ would be paid Webco through Mr. Weber and the latter would endorse the checks over to Guglielmo.
Payment on the first estimate was received by Mr. Weber who endorsed the check on behalf of Webco and mailed the same to Guglielmo. When payment on the second estimate in the amount of $20,902.-00 was received by Mr. Weber, he cashed the check and after deducting the sum of $7600.00, he forwarded the balance to Gug-lielmo. The amount so deducted by Mr. Weber is the subject of this lawsuit.
When the building was completed and the third and final payment of $27,123.17 was due by Dunkin’, the latter refused to pay because it could not be satisfied that all of the bills for labor and material would be paid, thus subjecting the job to numerous liens. Guglielmo engaged Mr. Bobby L. Forrest as his attorney to represent him in his claim against Weber and Webco for the $7600.00 and to obtain payment on the final estimate. Dunkin’ obtained the services of Mr. Lehman K. Preis as its attorney to represent it in the controversy.
Messrs. Forrest and Preis conferred on the matter and Mr. Preis had in his possession a check from Dunkin’ in the amount of $27,123.17. Outstanding bills for labor and material upon completion of the job amounted to $28,862.74.
Through the efforts of Messrs. Forrest and Preis a letter was prepared addressed to Shreveport Donuts, Inc., under date of January 8, 1971, which acknowledged receipt of Dunkin’s final payment in the amount of $27,123.17. Attached to this letter was Schedule A listing the amounts owed for material and labor, totaling $28,862.74. The letter advised that Dun-kin’s check, together with additional sums to be furnished by Weber and/or Webco, would be deposited in a special account which would be co-signed by Messrs. Forrest and Preis and from which account the bills listed on Schedule A would be paid.
The letter of January 8, 1971 is signed by Mr. Weber representing Webco, Mr. Guglielmo representing A. R. Guglielmo, Inc., and by Messrs. Weber and Guglielmo, individually.
On January 8, 1971 Mr. Weber went to Mr. Preis’ office and gave the latter the sum of $1,000.00 in cash and a check on his Clients’ Account in the amount of $739.57. The check was made payable to the order of “A. R. Guglielmo, Inc.— Shreveport Donuts, Inc.”, and in the lower lefthand corner contained the following note: “Balance due in full on Webco-Dun-kin Doughnut a/c”.
The defendants’ position is that the $1,000.00 cash and the check given by Mr. Weber with the notation thereon, mentioned above, constituted an accord and satisfaction as between Webco and Gugliel-mo and discharged Webco from any further responsibility. Mr. Weber further argues that throughout this matter he acted as thes attorney for Webco and should not have been cast in judgment with Webco.
Guglielmo contends that the check, together with the payment of $1,000.00 in cash was not given in support of any compromise agreement, but represented only such sums as were necessary to pay the amounts owed on the building as evidenced by Schedule A, above. Mr. Guglielmo’s testimony in this respect is corroborated by *429 that of Mr. Preis who stated that during the course of negotiation's nothing was mentioned in his presence about any settlement between Webco and Guglielmo.
The trial judge, in his written reasons for judgment, stated that defendants had failed to prove the essential elements of accord and satisfaction and that Mr. Weber exceeded his authority when he deducted the sum of $7,600.00 from the second payment and was therefore personally responsible for the refund of this amount less the $1,000.00 cash and the $739.57 paid by check.
As stated by us in Linda Mercantile Corporation v. Bowers, 230 So.2d 302 (1969), writs refused, 255 La. 810, 233 So. 2d 250, that although - the doctrine of accord and satisfaction is unknown in Louisiana statutory law, the principle[1] is incorporated in Louisiana jurisprudence by case law. However, for such a defense to be applicable, three elements must be present:
(1) there must be a dispute as to the amount owed;
(2) a tender by the debtor in full settlement of the claim; and
(3) acceptance of the tender as full payment by the creditor.
To constitute an accord and satisfaction under the facts in the instant case, Gugliel-mo must have understood that if Mr. Weber’s cash and check were accepted, his claim against Weber and Webco would be deemed to have been paid in full. Antoine v. Elder Realty Co., 255 So.2d 625 (3 La.App., 1971).
We agree with the finding of fact by the trial judge that the payment of $1,000.-00 in cash and $739.57 by check by Mr. Weber on behalf of Webco was not accepted by Guglielmo in full payment of the obligation the latter claimed was owed to him. A reading of the record in its entirety and particularly the events of January 8, 1971, satisfies us that the payment of $1,000.00 in cash and the check in the amount of $739.57 was to supplement the check received by Mr. Preis so that the total of all three of these amounts would equal the outstanding bills due at the time.
We recognize those cases which hold that receipt of a check which indicates that it is payment in full amounts to a settlement of a claim when such claim is in dispute and the creditor accepts the check with either actual or constructive knowledge that the same was tendered in full payment.
Mr. Weber’s check of January 8, 1971, and more particularly the notation thereon, can not be construed to conform with C.C. Art. 3071 so as to constitute a compromise. The notation itself particularly emphasizes that it constituted full payment as between Webco and Dunkin’ only. Trask v. Lewis, 258 So.2d 603 (1 La.App., 1972).
We also agree with the conclusion of the trial judge that Mr. Weber exceeded his authority when he deducted the sum of $7,600.00 from the second payment. This is contrary to the assignment of the contract by Webco to Guglielmo which provided, inter alia, that all payments received by Mr. Weber were to be transmitted directly to Guglielmo. If there was in fact a dispute between Webco and Guglielmo as to the manner in which the construction of the building was being conducted by Gug-lielmo, Mr. Weber was without authority to withhold the funds, and for this action he has rendered himself liable for the refund of this amount to Guglielmo.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.

. The theory of accord and satisfaction is based on the common law principle of estop-pel. See 14 T.L.R. 282, 287; Berger v. Quintero, 170 La. 37, 127 So. 356 (1930).