331 So.2d 59 (1976)
Joseph PIERI
v.
Jake DIMAGGIO.
No. 7341.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
Robert J. Fineran, New Orleans, for plaintiff-appellee.
Peter A. Winkler, Jr., New Orleans, for defendant-appellant.
Before REDMANN, MORIAL and BEER, JJ.
BEER, Judge.
Plaintiff-appellee, Joseph Pieri (hereafter, Pieri), and defendant-appellant, Jake DiMaggio (hereafter DiMaggio), entered into a verbal agreement whereby Pieri, a tile subcontractor, would supply and install certain tile and related materials in the home being constructed by and for DiMaggio. After the work commenced the original contract price of $5,400 was increased to either $7,300 or $7,500 primarily because DiMaggio opted for more expensive tiles. Thereafter, a dispute arose between the parties with Pieri maintaining that the contract price was further increased by the inclusion of certain items not covered by the last-cited quotation and DiMaggio rejecting this claim. Suit then followed with Pieri seeking an additional payment of $1,000. DiMaggio answered with a general denial and, by reconventional demand, sought $7,000 for damages resulting from allegedly faulty work performed by Pieri. By supplemental answer, DiMaggio pled accord and satisfaction. Pieri denied the reconventional demand.
*60 The case was tried on two separate days. In early June, about two weeks after the first day of trial on May 21, 1974, Pieri sought to amend his claim upward in the additional amount of $200.,[1] A copy of the amended petition was sent to DiMaggio's counsel on June 7. The court, however, reserved ruling on allowing the amendment in order to determine if DiMaggio's defense was inhibited thereby. At the trial's conclusion, after the second day of trial on June 11, the amendment was allowed. Judgment in favor of Pieri on his principal demand, as amended (a total of $1,200), was rendered and DiMaggio's claim in reconvention was dismissed. DiMaggio perfects this appeal challenging the correctness of these rulings and further urges error by the trial court in maintaining Pieri's lien by reason of his alleged failure to file notice of lis pendens in the mortgage office within one year of recordation of the lien.
The testimony of the litigating parties was in conflict on the question of whether certain work done by Pieri was or was not included in the original price of $7,300 or $7,500. They are the only witnesses who testified with respect to this issue.
Throughout his testimony, Pieri insisted that the following work was not included in his original quotation:
(A) Reconditioning and installation of marble mantlepieces selected by DiMaggio.
(B) Cost and installation of 150 pieces of specially ordered black and gold tile.
(C) Installation of extra under bedding (to build up the den floor so that its tiles were level with those installed in the adjacent kitchen.)
DiMaggio admits that he agreed to certain "extras," namely the tile lining above the sunken bath, and a separate $300 charge for the mantles. He denies, however, a separate charge for installation of same and maintains that this cost was included in the original quotation. He further denies any discussion about extra charge for the under bedding.
The trial court resolved all disputes in favor of Pieri. We find no manifest error despite able counsel's vigorous urging of the defense of accord and satisfaction, relying upon the printed notation on the reverse of one of the checks paid to Pieri. That notation provides:
"This check is in payment in full to date of all labor and of all materials furnished the real property described as 7160 Thornley Drive. By endorsement, payee acknowledges receipt and waives his lien and his right to file lien against said property to the extent of this payment." (Emphasis ours.)
For there to be estoppel by accord and satisfaction, there must be: (A) an unliquidated or disputed claim; (B) tender by the debtor; (C) acceptance of the tender by the creditor. Charles X. Miller v. Oak Builders, Inc., 306 So.2d 449 (La.App.4th Cir. 1975). Furthermore, the creditor must understand that if payment is accepted, the claim will be deemed to have been paid in full. Antoine v. Elder Realty Co., 255 So.2d 625 (La.App.3rd Cir. 1971).
DiMaggio testified that "the homestead insisted that the release be put on the back of every check . . ." and Pieri testified that he presented invoices periodically while his work was continuing and drew payments for the invoices through out the term of the job. After each invoice was issued, he was paid the amount of that particular invoice. Thus, there existed a factual issue as to whether the parties seriously regarded the cited language as having any binding effect upon them. In view of prior actions, the notations apparently did not more than indicate that the entire amount then due had been paid.
*61 The language of the endorsement further provided that the payee simply "waives his lien . . . to the extent of this payment." After the last payment, a balance of $1,000 (or $1,200) remained unpaid. In light of the parties' prior conduct and the language of the endorsement itself, we find no error in the trial court's apparent resolution of this issue. Hospital Corp. of the Sisters of St. Joseph v. Cunningham, 261 So.2d 318 (La.App.1st Cir. 1972).
DiMaggio further urges that Pieri's supplemental petition was untimely. LSA-C.C.P. Article 1151 permits amendment, after answer, at the trial court's discretion and the ruling is reversible only if an abuse of discretion is found. Brooks v. Fondren, 199 So.2d 588 (La.App.3rd Cir. 1967). We find no such abuse.
DiMaggio's reconventional demand is based upon damages resulting from an alleged leak at the site of his son's second floor bathroom which he claims was the result of faulty caulking by Pieri and his workmen. The leak caused the sheetrock in the ceiling of the room below to become wet and it disengaged at the seams.
In response to this, Pieri admits being notified of a leak. He states that some cracks in caulking were found to have developed due to the expansion and contraction of the cement base upon which the tiles were set. The cracks were located where the tile met the tub and he repaired same by applying a rubber base silicone. At the same time he straightened the faucet in the tub.
DiMaggio apparently had other workmen break into the bathroom wall prior to Pieri's being called to cope with the problem. Although Pieri took DiMaggio at his word that there was a leak, he did not observe any water stains on the ceiling. He did advise DiMaggio that he would return if the problem was still unresolved after the application of the rubber base silicone. No such call came even though there were other instances when problems arose and Pieri repaired same at his cost.
Pieri also observed that the roof above the living room was not originally flashed and that when flashing was installed, it was nevertheless improperly accomplished so that water continued to leak in the section of the house where the ceiling was damaged.
DiMaggio ackowledged that there was originally a failure to install flashing (as noted by Pieri)but insists that this situation was corrected and that there were no leaks in the living room area from that original source following installation of the sheetrock ceiling.
In support of the alleged cost of ceiling repair, DiMaggio offered certain cancelled checks mostly payable to "cash" which bore no clear relationship to the allegedly necessary work except by reason of his own testimony to that effect.
There was no other testimony or any other evidence introduced to substantiate the alleged expenses of the ceiling repair nor were any paid bills offered in support thereof. The trial court rejected the reconventional demand and its finding of fact on this issue does not appear to be manifestly erroneous even though we believe there is architectural plausibility for DiMaggio's basic contention regarding the possible source of the leak.
Finally, DiMaggio urges that Pieri failed to file notice of lis pendens within a year of recordation of his claim in accordance with LSA-R.S. 9:4812 causing the lien to lapse. Robins v. Pavone, 224 So.2d 541 (La.App.4th Cir. 1969) and Lafayette Woodworks v. Boudreaux, 255 So.2d 176 (La.App. 1st Cir. 1971). There is no evidentiary supported challenge regarding timely recordation. No testimony was adduced on this point though Pieri, in his brief, asserts the contrary.
*62 Since no evidence is in the record and no demand is before us, we have no basis upon which to consider this issue.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] This was based upon a contention that the $7,500 price was verbally reduced to $7,300 if prompt payment had, as was not the case, been forthcoming.