363 So.2d 1263 (1978)
Irvington J. EPPLING
v.
JON-T CHEMICALS, INC.
No. 9639.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
*1264 Thomas S. Loop, Metairie, for plaintiff-appellant.
Porteous, Lee & Mustakas, G. Thomas Porteous, Jr., Gretna, for defendant-appellee.
Before GULOTTA, STOULIG and GARRISON, JJ.
STOULIG, Judge.
Plaintiff, Irvington J. Eppling, has appealed a summary judgment dismissing his suit against defendant, Jon-T Chemicals, Inc., for $2,125, representing the balance due for real estate appraisal services. We quote that portion of plaintiff's petition that is pertinent to the issue before us:

"2.
Petitioner rendered an appraisal of defendant's terminal, known as Jon-T Terminal located in Marrero, Louisiana, for the purpose of estimating its market value for a prospective purchaser. The defendant agreed to pay petitioner the sum of Eight Thousand Five Hundred and No/100 Dollars ($8,500.00) for such service and did, in fact, pay initially the sum of Four Thousand Two Hundred Fifty and No/100 Dollars ($4,250.00).

"3.
Defendant made a second payment by check of Two Thousand One Hundred Twenty-Five and No/100 Dollars ($2,125.00), on the back of which defendant placed the words,
`By the endorsement hereof, Payee releases and discharges Maker from any *1265 liability or sums claimed to be owed by Maker to Payee.'
Petitioner crossed out the legibility to these words and added the words.
`The endorsement of this check by Payee does not constitute a release of any claims that Payee has against the Maker hereof.'"
The affidavits and attachments filed in connection with the motion for summary judgment establish the contract price at $8,500, payment of $4,250 in advance and tender of $2,125 as full settlement of the balance. The record reflects plaintiff, scheduled to complete the appraisal of defendant's Marrero property in early April 1977, did not in fact deliver the report until May 9, 1977. The lateness in performance is significant for our purpose only to point out the source of disagreement after the contract was negotiated; we need not consider whether the delay was justified.
On August 10, 1977, defendant tendered the $2,125 check described in the petition with the quoted restrictive endorsement. Plaintiff, before negotiating the check, scratched out the maker's notation and substituted his own.
The trial court concluded the doctrine of accord and satisfaction was applicable and dismissed the suit. We agree. The elements of the defense are present in that: (1) there was a disputed claim between the maker and the payee; (2) the debtor tendered a check for less than the sum claimed by the creditor; and (3) the creditor accepted the tender by negotiating the check.
As this court pointed out in Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir. 1975), estoppel by accord and satisfaction is grounded in basic contractual principles of offer and acceptance. See also Linda Mercantile Corporation v. Bowers, 230 So.2d 302 (La.App. 1st Cir. 1969).
Thus before it can be concluded that a creditor accepted a lesser amount in compromise of his larger claim by negotiating a check, it must be apparent from the language of the restrictive endorsement that the money tendered is for the purpose of fully liquidating the creditor's claim.[1] In the Miller case, we further pointed out that the payee's unilateral action in changing or altering the restriction does not change the legal effect of his negotiating the check. The negotiation is deemed an acceptance of the maker's offer.
Appellant concedes there are similarities between Miller and this case but relies on the quoted language from Pieri v. DiMaggio, 331 So.2d 59, 60 (La.App. 4th Cir. 1976), to distinguish it:
"For there to be estoppel by accord and satisfaction, there must be: (A) an unliquidated or disputed claim; (B) tender by the debtor; (C) acceptance of the tender by the creditor. Charles X. Miller v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir. 1975). Furthermore, the creditor must understand that if payment is accepted, the claim will be deemed to have been paid in full. Antoine v. Elder Realty Co., 255 So.2d 625 (La.App. 3rd Cir. 1971)." (Emphasis added.)
The emphasized language states the creditor must understand the restrictive endorsement if he is to be bound by the doctrine of accord and satisfaction. This does not mean the creditor's statement "I did not understand" would be sufficient to destroy the efficacy of the endorsement.
The test is whether the language is sufficiently clear to apprise the negotiator of the maker's intent to tender the amount in full settlement. In Pieri, the court concluded the endorsement did not adequately communicate the maker's intent to fully liquidate all claims with tender of the particular check. In this case the *1266 payee's action in scratching out the restrictive endorsement written by the maker strongly suggests he was fully aware of the nature of the tender. However, even if he were not, we hold the endorsement is stated in such a way that any reasonable reader would fully understand the check was tendered in full payment of all claims. Therefore, plaintiff accepted the offer to compromise by negotiating the check.
For the reasons assigned, the judgment appealed from is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] In defendant's letter of August 10, 1977 transmitting the check in question are the following statements: "Enclosed you will find a check for $2,125.00 in settlement of our outstanding balance on the assignment covered by our agreement dated March 10, 1977. Jon-T declines to pay any additional fee as the report was not delivered within the time frame called for in the agreement * * *. Your acceptance of this check constitutes an acknowledgment of payment in full of the outstanding amount claimed to be owed by us to you. * * *"