380 So.2d 679 (1980)
Anna A. ADAMS
v.
Stanley C. SCONZA, Jr., and Ernest Bauer d/b/a Fireball Moving Service.
No. 10432.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1980.
Ernest L. Bauer, d/b/a Fireball Moving Service, pro se.
John J. McGuckin, Jr., Gretna, for plaintiff-appellee.
Before BOUTALL, GARRISON and CHEHARDY, JJ.
GARRISON, Judge.
Plaintiff sued defendants Sconza and Bauer for injuries and property damage received when a moving van owned by Bauer and being operated by Sconza struck her small car. The trial court awarded her judgment against the defendants in the amount of $2,405.34 plus interest and costs. Only Bauer has appealed. We affirm.
As far as can be ascertained from appellant's pro se brief and argument on appeal, *680 the issues are (1) Whether the $905.00 check that Bauer gave to plaintiff on June 14, 1974 amounted to an accord and satisfaction of her claim; (2) Whether the record supports the trial judge's finding that plaintiff's injuries extended beyond June 14, 1974.
In his written reasons for judgment, the trial judge concluded that the $905.00 paid by Bauer to plaintiff prior to her institution to this lawsuit was not an accord and satisfaction because "there does not appear to be a mutual intent to obliterate the claim ... On the contrary, plaintiff has gone to some pains to limit the check by deleting certain words and adding certain words to the front of the check prior to endorsement by her."[1]
We do not agree with the trial judge's reasoning that plaintiff's deletion of certain words and addition of others to Bauer's check necessarily indicated lack of accord and satisfaction. See Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir. 1975). We agree with his conclusion, however. The evidence in the record simply does not show that plaintiff agreed or understood at the time the $905.00 check was issued that this would constitute full and complete settlement for her damages. Nowhere in the record does plaintiff testify so; the only statements supporting this contention are Bauer's own remarks (made while he was cross-examining plaintiff). One element necessary to prove accord and satisfaction is a showing that the creditor understands the payment is tendered in full settlement. Eppling v. Jon-T Chemicals, Inc., 363 So.2d 1263 (La. App. 4th Cir. 1978). Although the payee's action here strongly suggests she was aware of the nature of the tender, Bauer's notation on the check did not make it clear so that "any reasonable reader would fully understand the check was tendered in full payment of all claims." 363 So.2d at 1266. There is no real proof that Adams, at least, understood this.
Further, the extent of plaintiff's injuries was borne out by testimony of Dr. Ray Haddad. Dr. Haddad noted that plaintiff had come to him complaining of low-back and chest pains and weaknesses in the right leg. He concluded she had sustained a contusion in her chest and probably had a lumbar cervical sprain. He prescribed a combination pain medication and muscle relaxant. His prognosis was that the tenderness of the chest wall would resolve itself in a few weeks, while the lumbar sprain was probably the aggravation of a previous back problem. The low back and right leg discomfort basically stemmed from a muscle sprain. Considering this testimony, we cannot say the trial judge was clearly wrong in finding that plaintiff's injuries consisted in soft tissue injuries and bruising of the rib cage and that she made "an uneventful recovery within a few months."
Although quantum has not been appealed, we note that the trial judge awarded $1,310.74 in special damages, comprised of $272.60 for medical expenses, $100.00 for lost wages, and $938.14 for automobile repairs. He stated he was reducing by one-half the claimed sum of $391.50 for automobile rental, because the need to rent a vehicle was extended through the fault of the plaintiff's repair service rather than defendant's fault. The trial judge further noted that he ordinarily would have awarded $4,000.00 in general damages for plaintiff's pain and suffering, but because "defendants have exhibited an inability to respond to damages to any great degree," he reduced this amount to $2,000.00. In addition, he credited defendants with the $905.00 paid by Mr. Bauer on June 14, 1974. Finally, the award for expert witnesses fees was also reduced by half due to defendants' financial condition.
Considering the foregoing, we find no error in the judgment of the district court and, accordingly, it is affirmed.
AFFIRMED.
NOTES
[1] When issued by Bauer, the following words appeared in the lower left-hand corner: "Damages and Injury Caused During Automobile Acc. On 5/May 74." Adams changed that to "Car Damage and Medical Expenses Caused During Automobile Accident on 5/May 74."