423 So.2d 752 (1982)
INGRAHAM CONCRETE STRUCTURES INC.
v.
CHAMPION SHIPYARDS INC.
No. 13288.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1982.
*753 John E. Jackson, Jr., New Orleans, for plaintiff-appellant.
Liskow & Lewis, William W. Pugh, New Orleans, for defendant-appellee.
Before REDMANN, BARRY and BYRNES, JJ.
BYRNES, Judge.
This is an appeal from a trial court ruling dismissing appellant's breach of contract claim against appellee because of an earlier accord and satisfaction. We affirm the trial court's finding that there was an accord and satisfaction of the debt.[1]
Appellee, Ingraham Concrete Structures, Inc. (Ingraham) contracted with Champion Shipyards Inc. (Champion) to provide services to Champion which included site preparation of a proposed shipyard. The contract was terminated for reasons not relevant to this appeal, and a bill in the amount of $27,104.00 for services rendered was tendered by Ingraham to Champion. Champion protested this bill, maintaining that it was too high and included services not called for by Champion. Ingraham in turn adjusted the bill and resubmitted another one in the amount of $18,215.00. Champion still felt this bill was too high. Champion's officers asserted that the most they should owe to Ingraham was $7,665.00. A check from Champion in the amount of $9,000.00 was sent to Ingraham's president, Mr. William A. Ingraham, accompanied by a letter which read as follows:
"Dear Mr. Ingraham:
Enclosed herewith is a check we feel is sufficient to cover anything you may have done on behalf of Champion Shipyards, Inc. as per your invoice # 0117, your job number 34.
Sincerely,
Champion Shipyards Inc.
Floyd J. Naquin, President."
Invoice No. 0117, referred to in the letter, was the revised invoice sent by Ingraham to Champion in the amount of $18,215.00.
Upon receipt of the letter and check, Mr. Ingraham, by his own admission, immediately had the check certified and placed it in a safety deposit box. A few weeks later, when he needed some money, he endorsed the check "all rights reserved, law suit pending" and proceeded to negotiate it. Champion maintains that Mr. Ingraham's management of the check constituted a compromise of the disputed bill while Mr. Ingraham argues that he could not have compromised the debt since he in no way assented to such a compromise.
In Eppling v. Jon-T Chemicals, Inc. 363 So.2d 1263 (La.App. 4th Cir.1978) this court held that for a party to avail himself of the defense of accord and satisfaction three elements must be present: (1.) There must be an unliquidated or disputed claim between the creditor and the debtor; (2.) The debtor must have tendered a check for less than the sum claimed by the creditor; (3.) The creditor must accept the tender by negotiating the check. In addition, the creditor must be aware of the debtor's intent to fully liquidate the debt by tender of the check.
*754 There is no question that a disputed debt existed in this case and that a check was tendered for less than the disputed amount. On the issue of negotiation of the check we note that upon receipt of the check Mr. Ingraham immediately moved to have it certified. Certification of a check is tantamount to acceptance, and discharges the drawer. La.R.S. 10:3-411(1). This unconditional acceptance of the check by certification could not be amended three or four weeks later by use of the restrictive endorsement "all rights reserved, law suit pending". Moreover, even if he not had the check certified, Ingraham negotiated it by cashing or depositing it in his account before the institution of the suit which forms the basis of this appeal.
The question then becomes whether the check, together with the language in the accompanying letter, was sufficient to place Ingraham on notice that Champion intended the check to be full settlement of the claim and not a partial payment. The only language pertaining to compromise was contained in the letter. There was nothing written on the check. When asked if he had attempted to contact Mr. Naquin, an officer of Champion Shipyards, after he received the letter and check, Mr. Ingraham replied "No, I think everything was pretty self explanatory".
We feel that the circumstances surrounding the issuance of the check clearly indicate that it was not a partial payment but was the tender of an amount, "... sufficient to cover anything you may have done... as per your invoice ...". The evidence supports the conclusion reached by the trial judge that Mr. Ingraham's acceptance of the check was acceptance of a compromise offer by Champion.
Accordingly, we are of the view that the trial court was correct in ruling that the appellant's acceptance of the tendered check constituted an accord and satisfaction of the debt and therefore affirm the trial court's dismissal of the plaintiff's action. All cost of this appeal are assessed to the appellant.
AFFIRMED.
REDMANN, Chief Judge, concurring.
C.C. 3071 requires an out-of-court compromise to be in writing. The wording of a letter enclosing a check "we feel is sufficient to cover anything you may have done" does not by itself suffice to constitute an offer of compromise, and oral evidence cannot be used to show that it intended and was understood as an offer of compromise. And the wording of a printed check form that provides the check is "in payment of" (not "in full payment of") the invoices thereinafter specified equally does not by itself suffice as an offer of compromise.
But such a letter and such a check together do suffice, for together they say that the writer deems the enclosed amount all that he owes and that the check is tendered in payment and not merely as a partial payment on account. The addressee who deposits the check under those combined written circumstances has by his written endorsement (deleting its impermissible qualifying statement) accepted in writing the written offer of compromise.
NOTES
[1] Although accord and satisfaction is not a civilian concept, it has been accepted by the courts of Louisiana. See Berger v. Quintero, 170 La. 37, 127 So.2d 356 (La. 1930). Charles X. Miller v. Oak Builder Inc., 306 So.2d 449 (La.App. 4th Cir.1975) A.R. Guglielmo v. Webber, 315 So.2d 427 (La.App. 1st Cir.1975); Terra Trucks Inc. v. Webber, 346 So.2d 275 (La.App. 4th Cir. 1977); Louisiana National Bank of Baton Rouge v. Heindel, 365 So.2d 37 (La.App. 4th Cir.1978).