428 So.2d 824 (1983)
Emile J. SPALITTA
v.
HARTFORD FIRE INSURANCE COMPANY, and R. Garic Toca Insurance Agency, Inc. and R. Garic Toca, Jr.
No. 5-325.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1983.
Rehearing Denied March 17, 1983.
Dan R. Dorsey, River Ridge, for plaintiff/appellee.
Charles A. Boggs and H.F. Foster, III, New Orleans, for defendant/appellant.
Before BOWES, CURRAULT and GRISBAUM, JJ.
*825 BOWES, Judge.
This case comes to us on appeal from a judgment of the Twenty-Fourth Judicial District Court awarding plaintiff, Emile J. Spalitta, the sum of $18,389.43, plus legal interest, for damages due under a builder's risk insurance policy. Additionally, the court awarded 12% penalties and attorney's fees of $7,500.00 for arbitrary refusal to pay a claim under R.S. 22:658. The facts are as follows:
Effective approximately May 23, 1978, plaintiff contracted with the Toca Insurance Agency for a policy known as a "Builder's Risk" policy, for any losses occurring during the construction of plaintiff's home. Mr. Spalitta is by profession not a contractor, but rather an owner-operator of several cosmetic businesses, hair design, hair products, etc. The policy on its face purports to insure the property in question for "100% of the total amount of contributing insurance", in this particular instance in the "Provisional Amount of $83,000.00." At the time of the issuance of the original policy, Toca was an agent in good standing for the Hartford Insurance Company. However, on September 1, 1978, the agency contract between Hartford and Toca was cancelled pursuant to the terms of the agency agreement itself. According to the Agreement, the agent would continue to service policies continued in force or renewed after the contract termination as the duly authorized representative of the company.
On March 26,1979, the plaintiff met with R. Garic Toca, Jr. and requested that the limits of liability under the policy be increased from $83,000 to $125,000. That afternoon, Toca mailed a letter to Hartford, which read as follows: "Effective this date, please increase Mr. Spalitta's Builder's Risk policy on his dwelling located at 5100 Janice Dr., Metairie, La. to $125,000.00 coverage."
Late on the night of March 26, or early in the morning of March 27, a fire, originating next door, caused plaintiff's uncompleted house to catch fire, resulting in a considerable loss to the insured's property. There is not the slightest hint in the record that plaintiff was guilty of any misconduct in the origin or spread of the fire, and such is not in issue.
It is at this point that plaintiff and defendants disagree on one of the basic issues of this disputethe amount of coverage in effect at the time of the fire. Spalitta claims that he was led to believe, due to the nature of his many previous dealings with Toca on other types of insurance, that the increase had been effected. Toca claims that his agency had no authority to bind Hartford for an increase, without prior approval, because of the termination of the agency relationship, but informed Spalitta that he would request increased coverage, and had every reason to believe Hartford would approve the "request". Hartford agrees that Toca could not bind it, that its letter to Toca of April 3, 1979, denying coverage, serves to insulate it from liability, and, additionally, makes an interesting claim: namely, that the property should have been insured for the "total" value at the inception date of the policy and, therefore, Hartford would be unable to comply with the requested increase.
Hartford, adhering to its claims, sent an adjuster to Spalitta's property and, on July 20th, almost four months after the fire and initial notice of the claim, issued a check to Spalitta for $36,241.02, which amount represented the percentage of losses which the original face amount of the property ($83,000.00) bore to the amount Spalitta "should have carried at the time of the loss, which was $125,000.00." The draft was clearly marked "Full and Final Settlement" on its face; further, a letter attached to the draft requested, "Please accept this draft as full and final settlement of your claim." Spalitta testified that he telephoned Hartford and requested that the words relating to full and final settlement be deleted from the draft. Hartford refused. Spalitta, nevertheless, endorsed the check "Receipt acknowledged of amount not in dispute" (Hartford # 3) and deposited it in First Homestead Association, the mortgage holder.
*826 Spalitta then filed suit for $57,430.72, the full amount he claimed under the policy. At the time of trial, it was stipulated that the amount in question at trial would be the difference between the amount sued for under the policy and the amount of the draft endorsed by Spalitta, some $18,000.00. After a full trial on the merits, the court found that Spalitta was covered in the full amount of $125,000.00 and rendered judgment solidarily against the defendants for $18,389.43, plus 12% penalties and attorney's fees, for arbitrary refusal to pay the amount due, under R.S. 22:658. From this judgment, defendants appeal. We must reverse the trial court in part, affirm in part, and amend and recast the judgment.
Hartford specifies the following errors:
1. The trial court's determination that an accord and satisfaction and/or compromise did not result when Spalitta accepted and negotiated the Hartford draft is in error.
2. The trial court erred in finding that "Spalitta was in fact bound for the policy limit increase" on the morning of March 26, 1979, before the fire occurred.
3. The trial judge's holding that, "The Court has no reason to give effect to the fact that Toca's increase letter and the Spalitta claim were in the same time frame" is erroneous.
4. Alternatively, the trial court erred in rendering judgment against the Hartford as the Hartford is not liable for acts of the Toca agency which exceeded their authority or were contrary to the instructions of the Hartford.
5. In the further alternative, the action of the trial court in dismissing the Hartford's third party claim against Toca and its liability insurer was in error.
6. The award of penalties and attorney's fees against the Hartford is totally unfounded; the attorney's fees assessed are excessive.
Toca claims the issues are: did Toca use reasonable diligence in attempting to place the insurance requested and notify the client promptly if he failed to do so; if diligence is found, is Hartford bound to honor the claim by virtue of its contract with Toca to "service" its policies; and should Hartford indemnify Toca for any liability on its part under an indemnification clause in the agency contract?
We do not reach most of these issues because we find that an accord and satisfaction was reached when Spalitta negotiated Hartford's draft, despite his restrictive endorsement of same, under the auspices of Davis Wood v. Farnsworth, 171 So. 622 (La.App. Orleans Ct. of Appeal 1937); Miller v. Oak Builders, 306 So.2d 449 (La.App. 4th Cir.1975); and their progeny. Under these cases, essentially, accord and satisfaction is reached when there is a disputed claim, a tender by the debtor for less than the sum claimed, and acceptance of the tender by negotiation of the check. The creditor must be fully aware the tender is offered as final settlement in the matter. Adams v. Sconza, 380 So.2d 679 (La.App. 4th Cir.1980). Unilateral action of the creditor in changing the provision denoting full payment does not change the legal import of its acceptance by the payee as an acknowledgment of payment in full. RTL Corporation v. Manufacturer's Enterprises, 415 So.2d 412 (La.App. 1st Cir.1982).
We agree with the rules set forth above in these cases.
In our case, there is no question that Spalitta knew the draft was offered as full settlement. Therefore, for the reasons stated above, and only for those reasons, we find that plaintiff's claim for additional payment must fail.
That finding does not, however, dispose of the issue of penalties and attorney's fees under R.S. 22:658. The record discloses that on March 28, 1979, Mr. Vic Barousse, an insurance adjustor assigned to handle plaintiff's claim, viewed the site of the loss and, on March 29th, prepared a preliminary estimate of the loss incurred. This preliminary estimate was in the amount of $31,608.01, and was forwarded to Hartford apparently on that date, March 29th. The final estimate was not prepared until approximately May 14th, at which time the *827 final bills were submitted. The check which was issued by Hartford was dated July 20, 1979.
The record indicates further that Mr. Spalitta requested a partial payment early in the handling of the loss, which request was denied. No reason for this denial is given in the testimony, nor is any such reason evident in the record before us.
It is not apparent to this Court why Hartford should have refused to pay that proportion of the claim submitted on March 29th, which corresponds to that proportion of the final claim paid by them. In the letter of July 20th, accompanying the check of same date, Hartford took some pains to point out the clause of the original policy under which the amount due was figured:
In consideration of the reduced rate at which this policy is written, it is a condition of this insurance that in the event of loss, this Company shall be liable for no greater proportion thereof than the provisional amount of insurance under this policy bears to the actual value of the described property at date of completion.
Further, the letter states:
Actual cash value at the time of loss of your dwelling was $125,000.00 based on the figures supplied to you and your bank. At the time of loss, you carried $83,000.00 coverage on this building. Therefore, the above provision of the [policy] would apply.
Hartford had before it, by the time of its receipt of the initial estimate, sufficient information necessary to compute and tender payment of the final proportion utilized as per the quoted provision (or $83,000/125,000 multiplied by $31,608.01, or the sum of $20,987.72). That portion of the claim, at least, was not in disputeHartford, by the terms of its policy, had to pay at least that amount. We, therefore, hold that its failure to do so within the 60-day period granted by the statute is arbitrary, capricious and without probable cause and subjects Hartford to penalties and attorney's fees.
"Unless there has been a timely partial payment or tender by the insurer to the insured of the element of the loss admittedly due", Bauman v. Hanover Ins. Co., 353 So.2d 1058 (La.App. 2nd Cir.1977), penalties are due to the insured and attorney's fees to his counsel.
We find that the tender on July 20th was not timely, since Hartford received notice of the claim shortly after March 29th. (Barousse stated in his testimony that he verbally transmitted the information to the insurance company before sending the written estimate).
The Proofs of Loss required by LSA-R.S. 22:658 are not required to be in any particular form and may even be verbal. The purpose of the requirement of the Proof of Loss is to advise the insurer of the facts of the claim. Riverland Oil Mill v. Underwriter's for Lloyd's, 368 So.2d 156 (La.App. 2nd Cir.1979).
Riverland cites a number of cases which hold that penalties and attorney's fees are due when the insurer refuses to tender to the insured a draft or check for the amount of its own estimate of damage, even when plaintiffs refused to execute proofs of loss because said forms were in unacceptable amounts. See Dumond v. Mobile Ins. Co., 309 So.2d 776 (La.App. 3rd Cir.1975); see also Benoit v. American Mutual Ins. Co. of Boston, 236 So.2d 674 (La.App. 3rd Cir. 1970).
In Sensat v. State Farm Fire and Casualty Co., 176 So.2d 804 (La.App. 3rd Cir.1965), a dispute between the insured and the insurer disclosed that a minimum amount of $22,225.31 was due the insured as per the insurer's own estimate. The insurance company in that case refused to pay the estimate, as plaintiff contended the house was a total loss. In assessing penalties and attorney's fees, the Court stated:
Under these circumstances, where an insurer fails to render or to pay within the statutory period that part of its liability for which without dispute it is liable, thus causing an insured to retain an attorney to collect this undisputed portion of the liability as well as that portion as to which there may be a bona fide dispute, *828 the penalty statute requires the insurer to be subjected "to a penalty, in addition to the amount of the loss of 12% damages on the total amount of the loss * * * together with all reasonable attorney's fees for the prosecution and collection of such loss." (at page 808)
In Benoit, supra, the Court found that tender of the payment after the 60-day period subjected the insurance company to penalties on the full amount of the loss. In Riverland, supra, partial payments were made and failure to pay until almost a year later was arbitrary and capricious within the contemplation of R.S. 22:658. We subscribe to the reasoning of these cases insofar as they concern penalties and attorney's fees.
The amount of the entire loss, because of Spalitta's negotiation of the July 20th draft, must necessarily be limited to that amount, $36,211.02, the amount Hartford initially paid. Penalties will, therefore, be assessed on that amount at 12%.
We agree with that portion of Hartford's complaint that the $7,500.00 in attorney's fees is excessive for the amount in dispute and believe that $5,000.00 is a fair figure.
For the reasons assigned hereinabove, we reverse the judgment of the trial court awarding the sum of $18,389.43 to plaintiff, and dismiss that portion of plaintiff's claim, and hold the defendants not liable for that amount. The judgment awarding penalties and attorney's fees is amended and recast to reflect a judgment of 12% of the amount finally paid to plaintiff under the policy, plus $5,000.00 attorney's fees, all against The Hartford Insurance Company, as follows:

Penalties $4,348.92
Attorney's fees 5,000.00
 _________
Total $9,348.92

The above award shall bear legal interest from date of judicial demand until paid, and Hartford is cast for all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND RECAST.
PER CURIAM.
Both applications for rehearing filed by plaintiff and defendant, Hartford Insurance Company, are denied.
The cases cited by both parties are inapplicable to the present situation. Plaintiff's endorsement and subsequent negotiation of Hartford's draft estops him from claiming further funds under the policy itself. The cases cited by plaintiff do not consider the issue of negotiated drafts or checks.
The jurisprudence relied upon by defendant does not address the issues before us. A plaintiff who does not answer nor appeal a judgment cannot have the judgment modified in his favor (have the award increased). Our opinion halves the trial court's judgment and defendant is therefore neither surprised to his disadvantage, nor prejudiced.
A finding of accord and satisfaction does not bar recovery under Louisiana Revised Statute 22:658. Such statute allows penalties for timely failure to pay the amount of a claim due. The issue is one of timeliness when considering an award of penalties and attorney's fees and is governed by the statute; the payment finally made by Hartford was indisputably late.
Under article 2164, this court has the power to render the judgment, since all the necessary data was before us.
Accordingly, the applications for rehearing are denied.